630 A.2d 960

**TRANSCONTINENTAL GAS PIPE LINE CORPORATION, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, Respondent. (Two Cases)**

Commonwealth Court of Pennsylvania.

Argued May 12, 1993.

Decided Aug. 18, 1993.

Lowell S. Thomas, Jr., for petitioner.

Clinton G. Smith, Jr., Deputy Atty. Gen., for respondent.

Before CRAIG, President Judge, DOYLE, COLINS, PALLADINO, SMITH, PELLEGRINI and KELLEY, JJ.

COLINS, Judge.

Transcontinental Gas Pipe Line Corporation (Transco) has filed exceptions [1] to the January 22, 1993 opinion and order of

1. Pa. R.A.P. 1571(i) provides, in pertinent part:

Any party may file exceptions to an initial determination by the trial court under this rule within 30 days after the entry of the order to which exception is taken. Such timely exceptions shall have the

this Court that affirmed, with modification, the orders of the Board of Finance and Revenue (Board), upholding the Department of Revenue's (Department) imposition of the utilities gross receipts tax for calendar year 1984 in the amount of $102,541.00 plus penalty and interest.

Transco, a Delaware corporation having its principal office in Houston, Texas, but selling to Pennsylvania customers, did not file utilities gross receipts tax reports (tax reports) until directed to do so by the Department in 1975. Until the Department's directive, Transco assumed that all its Pennsylvania receipts were exempt pursuant to the "sale for resale" exemption contained in Section 1101(a) of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. § 8101(a).[2] The Department audited Transco's tax report for 1984 and determined that portion of gas purchased by Transco's Pennsylvania customers which the latter did not resell. Although Transco disputed the Department's findings, the Department resettled its 1984 audit results and found that Transco owed $102,541.00 in taxes plus a $1,275.00 penalty for late filing.

Transco appealed the Department's resettlement to the Board which denied the appeal, and subsequently filed an appeal to this Court. We note that although appeals from the Board are heard by this Court in its appellate jurisdiction, pursuant to 42 Pa.C.S. § 763, in a case such as this, our Court actually functions as a trial court in resolving disputed issues

effect, for the purposes of Rule 1701(b)(3) (authority of lower court or agency after appeal) of an order expressly granting reconsideration of the determination previously entered by the court. Issues not raised on exceptions are waived and cannot be raised on appeal.

2. The version of Section 1101(a) of the Tax Reform Code of 1971, 72 P.S. § 8101(a), which was in effect in 1984 stated:

Every railroad company, pipeline company, ... hereafter incorporated or organized by or under any law of this Commonwealth, or now or hereafter organized or incorporated by any other state ... and doing business in this Commonwealth, ... shall pay to the State Treasurer, through the Department of Revenue, a tax of forty-five mills upon each dollar of the gross receipts ... from the sales of gas, except gross receipts derived from sales to any municipality owned or operated public utility and except gross receipts derived from the sales for resale....

of fact and before which the parties create a record, rather than adopt a certified record of the proceedings below. *PIC-PA Foundation for Education and Research v. Commonwealth,* 143 Pa.Commonwealth Ct. 291, 598 A.2d 1078 (1991). After a hearing, a three judge panel of this Court, by its January 22, 1993 order and opinion, affirmed the Board's order upholding the Department's resettlement result, but limited the order to prospective application. It is from this order that Transco filed the subject exceptions, which were argued before this Court sitting en banc on May 12, 1993.

After having carefully reviewed the record, the briefs, and the respective positions presented by Transco and the Department, we concur with both the rationale and the result of the January 22, 1993 opinion of this Court, acting as fact-finder.

Accordingly, we dismiss Transco's exceptions, affirm the January 22, 1993 opinion and order of this Court, and adopt the detailed and well-reasoned opinion of Judge Narick for the three judge panel of this Court as the opinion and order of this Court en banc. *Transcontinental Gas Pipe Line Corporation v. Commonwealth,* 153 Pa.Commonwealth Ct. 60, 620 A.2d 614 (1993).

## ORDER

AND NOW, this 18th day of August, 1993, the exceptions filed by Transcontinental Gas Pipe Line Corporation in the above-captioned matter are dismissed, and this Court's opinion and order filed January 22, 1993, 153 Pa.Commonwealth Ct. 60, 620 A.2d 614, affirming the Board's orders in the above-captioned matter, are confirmed and adopted as the opinion and order of this Court sitting en banc.