636 A.2d 1230

Philip P. and Margaret B. KALODNER, Petitioners,

v.

COMMONWEALTH of Pennsylvania, Respondent.

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 1993.

Decided Jan. 6, 1994.

Philip P. Kalodner, for petitioners.

Kevin A. Moury, Deputy Atty. Gen., Tax Litigation Section, for respondent.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and FRIEDMAN, JJ.

DOYLE, Judge.

Philip P. and Margaret B. Kalodner (Taxpayers) have filed exceptions to the judgment of this Court filed on August 27, 1992 in favor of the Commonwealth of Pennsylvania, pursuant to Pa.R.A.P. 1571(i).

Taxpayers are self-employed individuals who own their own businesses which they operate as sole proprietorships. In their joint Pennsylvania Income Tax Return for 1986, they deducted from the computation of their business income contributions made by the proprietorships to their individual retirement plans, in an amount totaling $43,240. After reviewing their returns, the Department of Revenue advised Taxpayers that these contributions were not deductible from the business income of their proprietorships. This determination was affirmed by the Department's Board of Appeals. Taxpayers appealed to the Board of Finance and Revenue (Board), and on July 29, 1989, the Board issued an order which required Taxpayers to report as income on their Pennsylvania personal income tax return, contributions they had made to certain retirement plans pursuant to 61 Pa.Code § 101.-6(c)(8)(ii)(B) because they did not qualify as "employees" as defined by the Tax Reform Code of 1971 (Tax Code).[1]

Taxpayers filed a timely appeal to this Court from the Board's determination. Taxpayers and the Commonwealth then filed a stipulation of facts which was adopted by this Court. In their briefs and at oral argument before a panel of three judges, Taxpayers argued that the Department's regulations at 61 Pa.Code § 101.6, misinterpret the

[1]. Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§ 7101–10004.

Tax Code, or in the alternative, that the Tax Code was unconstitutional under the Pennsylvania and United States Constitutions. We held that 61 Pa.Code § 101.6 was a reasonable regulation, and did not misinterpret the Tax Code. We also held that the effect of the regulation which taxes contributions to retirement plans made by sole proprietors for their own benefit, but does not tax contributions made by employers to retirement plans for the benefit of their employees, was rationally related to a legitimate state interest, and did not offend the equal protection or uniformity provisions of either the Pennsylvania or the United States Constitution. Taxpayers filed timely exceptions to this judgment, and argued before the Court en banc on February 3, 1993.

In tax appeals from the Board of Finance and Revenue this Court functions as a trial court, *Transcontinental Gas Pipe Line Corp. v. Commonwealth,* 157 Pa.Commonwealth Ct. 674, 630 A.2d 960 (1993), and exceptions filed pursuant to Pa.R.A.P. 1571(i) have the effect of an order granting reconsideration. *United Services Automobile Association v. Commonwealth,* 152 Pa.Commonwealth Ct. 184, 618 A.2d 1155 (1992).

Taxpayers' exceptions, however, raise precisely the same issues that they raised in their initial appeal. First, they argue that the regulation which taxes the contributions which sole proprietors make to their own retirement plans is an unreasonable regulation and is therefore invalid. Second, Taxpayers contend that the Tax Code violates the Equal Protection and Uniformity clauses of the Pennsylvania Constitution, and violates the Equal Protection Clause of the United States Constitution.

After reviewing our previous opinion and revisiting the arguments Taxpayers presented in their briefs and at oral argument, we concur with both the result and the reasoning of this Court's opinion of August 27, 1992. *Kalodner v. Commonwealth,* 150 Pa.Commonwealth Ct. 248, 615 A.2d 900 (1992). None of the authority cited by Taxpayers changes our conclusion or the rationale of that opinion.

Accordingly, we dismiss Taxpayers' exceptions.

## ORDER

NOW, January 6, 1994, the exceptions filed by Philip P. and Margaret B. Kalodner in the above-captioned matter are dismissed and the Chief Clerk is directed to enter judgment in favor of the Commonwealth.

This decision was reached before the conclusion of Judge PALLADINO's service.