**TCI NORTHEAST, INC., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania,
Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 13, 1996.

Decided May 22, 1996.

James W. Forsyth, for Petitioner.

Matthew W. Tomalis, Deputy Atty. Gen.,
for Respondent.

Before COLINS, President Judge, and
DOYLE, McGINLEY, PELLEGRINI,
FRIEDMAN, KELLEY and FLAHERTY,
JJ.

KELLEY, Judge.

Presently before this court are exceptions
filed by the Commonwealth of Pennsylvania
(Commonwealth) to our opinion and order in
*TCI Northeast, Inc. v. Commonwealth of
Pennsylvania* (No. 476 F.R.1993, filed De-
cember 27, 1995) (*TCI I*).[1] In *TCI I*, this

---

1. Pennsylvania Rule of Appellate Procedure
1571(i) provides as follows:

(i) **Exceptions.** Any party may file exceptions
to an initial determination by the trial court
under this rule within 30 days after the entry
of the order to which exception is taken. Such
timely exceptions shall have the effect, for the
purposes of Rule 1701(b)(3) (authority of lower
court or agency after appeal) of an order ex-
pressly granting reconsideration of the deter-
mination previously entered by the court. Is-
sues not raised on exceptions are waived and
cannot be raised on appeal.

court reversed an order of the Board of Finance and Revenue (board) which had upheld the settlement by the Pennsylvania Department of Revenue (Department) of the 1989 capital stock tax liability of TCI Northeast, Inc. (Taxpayer). We grant the exceptions.

The parties in this case stipulated to the following facts. Taxpayer is a Pennsylvania corporation which performs management services for related corporations in the cable television business. Taxpayer is a calendar year taxpayer.

Taxpayer requested and obtained from the Internal Revenue Service an extension of time within which to file its 1989 federal income tax return, such that it was due on or before September 15, 1990. Based upon this extension of time, and pursuant to section 405 of the Tax Reform Code of 1971 (Tax Code),[2] the Department granted Taxpayer an additional thirty-day extension of time beyond the federal extension in which to file its Pennsylvania corporate tax report for the tax year ending December 31, 1989. As a result, Taxpayer's Pennsylvania corporate tax report for 1989 was due on or before October 15, 1990. Taxpayer filed with the Department a timely corporate tax report for the 1989 tax year on October 15, 1990.[3]

By letter dated January 21, 1992, the Department made its first request for information from Taxpayer with respect to the settlement of Taxpayer's 1989 capital stock tax liability. The information sought by the Department was not included in Taxpayer's filed report. The Department requested a completed manufacturing exemption schedule, a detailed description of Taxpayer's corporate activities in the Commonwealth and Taxpayer's consolidated balance sheet for 1989.[4] The letter further asked Taxpayer to submit the requested documents within fifteen days of the date of the letter or to advise the Department when such documents would be forthcoming.

On February 6, 1992, Taxpayer responded to the Department's request by asking that it be given until March 15, 1992 to furnish the information. There was no other correspondence between the parties until Taxpayer's letter of March 27, 1992 which provided the Department with Taxpayer's consolidated balance sheet for the tax year ending December 31, 1990. Taxpayer did not provide any other documents to the Department. During a subsequent telephone conversation between the parties, the Department informed Taxpayer that it had submitted a consolidated balance sheet for the wrong year. Accordingly, Taxpayer provided the Department with its 1989 consolidated balance sheet on March 30, 1992.

Without the benefit of the requested description of Taxpayer's activities or the manufacturing exemption schedule, the Department determined that Taxpayer was not entitled to the manufacturing or processing exemption from capital stock tax set forth in section 602(a) of the Tax Code. By using the requested 1989 consolidated balance sheet to calculate Taxpayer's capital stock value, the Department completed its settlement of Taxpayer's 1989 capital stock tax on April 10, 1992. On April 14, 1992, the Department's settlement of the tax was audited and approved by the Department of

---

**2.** Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7405. Pursuant to section 405 of the Tax Code, the Department may grant to a corporation an extension of not more than sixty days within which to file any annual tax report. 72 P.S. § 7405. Where the federal income tax authorities grant a longer extension of time for filing such reports with the federal government, the Department may grant an additional extension of time of not more than thirty days after the termination of the federal extension. *Id.*

**3.** We note that Taxpayer reported capital stock tax due in the amount of $75.00.

**4.** Taxpayer's 1989 consolidated balance sheet was necessary to calculate capital stock value.

The description of Taxpayer's activities and the manufacturing exemption schedule were needed to determine whether Taxpayer was entitled to a manufacturing exemption.

With respect to the manufacturing exemption claimed by Taxpayer, section 602(a) of the Tax Code provided, in pertinent part, as follows:

[E]xcept for the imposition of the seventy-five dollar ($75) minimum tax, the provisions of this section shall not apply to the taxation of the capital stock of entities organized for manufacturing, processing, research or development purposes, which is invested in and actually and exclusively employed in carrying on manufacturing, processing, research or development within the State....

72 P.S. § 7602(a).

the Auditor General. On April 15, 1992, the Department mailed to Taxpayer its official notice of settlement which resulted in an increase in Taxpayer's 1989 capital stock tax liability from $75.00 to $112,499.00.

On July 13, 1992, Taxpayer filed a timely petition for resettlement with the Department's Board of Appeals. The Board of Appeals denied the petition for resettlement. On February 3, 1993, Taxpayer filed a petition for review with the board asserting that its assets were exempt from capital stock tax because they were used in processing and/or manufacturing and asserting that the Department's settlement of its capital stock tax was not timely. The board refused Taxpayer's petition for review and sustained the action taken by the Department.[5]

On September 16, 1993, Taxpayer filed a timely appeal of the board's determination with this court. In *TCI I*, the sole issue before this court was whether the Department's settlement of Taxpayer's 1989 capital stock tax was timely under the Tax Code. This court stated in *TCI I* that, as stipulated by the parties, Taxpayer was a calendar year taxpayer and thus was required to make its 1989 corporate tax report on or before April 15, 1990. The Department, accordingly, was compelled by section 407(a) of the Tax Code, 72 P.S. § 7407(a), to settle Taxpayer's capital stock tax such that, so far as possible, notice of the settlement reached Taxpayer no later than October 15, 1991, eighteen months after Taxpayer's corporate tax report was required to be made.[6] This court pointed out in *TCI I* that it was undisputed that the Department did not mail its official notice of settlement to Taxpayer until April 15, 1992.

Our opinion in *TCI I* further stated that a taxpayer's procurement of an extension for filing its tax report did not automatically grant the Department additional time in which to make a settlement. In reliance upon *Commonwealth v. Western Maryland*

*Railway Company*, 435 Pa. 525, 257 A.2d 530 (1969) (*Western Maryland Railway Co.*) and *Commonwealth v. Bessemer and Lake Erie Railroad Company*, 57 Pa.Cmwlth. 340, 427 A.2d 699 (1981), *exceptions dismissed*, 61 Pa.Cmwlth. 121, 433 A.2d 909 (1981) (*Bessemer*), we opined that the Department had to demonstrate that the extension had in some way caused the late settlement. This court pointed out that the Commonwealth had not attempted to explain how the extension to Taxpayer had prevented the Department from issuing a timely settlement. Rather, the Commonwealth had only asserted that the delay, if any, was caused by Taxpayer's actions.

In *TCI I*, this court further emphasized that the Department was required to issue its notice of settlement by October 15, 1991. However, the Department had not made any effort to investigate or settle Taxpayer's 1989 capital stock tax liability until January 21, 1992. Therefore, this court pointed out in *TCI I* that the Department's request for additional information on January 21, 1992 was made well after the eighteen-month period for issuing a settlement had expired. Moreover, the Commonwealth had failed to explain why the Department had waited until January 1992 to begin to settle Taxpayer's 1989 capital stock tax liability. We concluded in *TCI I* that the Department was not justified in failing to make a timely settlement. Accordingly, we reversed the order of the board, set aside the settlement by the Department and accepted Taxpayer's 1989 corporate tax report, as it had been filed, in which Taxpayer's capital stock tax liability was $75.00.

On January 11, 1996, the Commonwealth filed timely exceptions to our determination in *TCI I* and those exceptions are now before this court. The Commonwealth objects to our determination in *TCI I* on the grounds

---

**5.** Although the board's opinion addressed whether Taxpayer was entitled to an exemption, it did not address whether the notice of settlement was issued in a timely manner.

**6.** Section 407(a) of the Tax Code, which relates to the settlement of corporate net income tax, provides, in pertinent part, as follows:

(a) All taxes due under this article [dealing with corporate net income tax] shall be settled

by the department, and such settlement shall be subject to audit and approval by the Department of the Auditor General, and shall, so far as possible, be made so that notice thereof may reach the taxpayer within eighteen months after the tax report was required to be made. As we stated in *TCI I*, section 407(a) of the Tax Code also governs the settlement of capital stock tax pursuant to section 603 of the Tax Code, 72 P.S. § 7603.

that this court misinterpreted the stipulated facts and the applicable law in this case when it concluded that the Department had not settled Taxpayer's capital stock tax liability in a timely manner. We agree with the Commonwealth.

■ Initially, we note that in tax appeals from the board, this court functions as a trial court. *Kalodner v. Commonwealth*, 161 Pa.Cmwlth. 226, 636 A.2d 1230 (1994), *aff'd*, —— Pa.——, 675 A.2d 710 (1995). As fact finder, this court may resolve factual disputes, but where there are no factual disputes, this court shall adopt the parties' stipulation of facts. *United Services Automobile Association v. Commonwealth*, 152 Pa. Cmwlth. 184, 618 A.2d 1155 (1992). Our scope of review in a tax appeal is limited to the construction, interpretation and application of a tax statute in relation to a given set of facts. *Id.* Exceptions to a determination by this court filed pursuant to Pa.R.A.P. 1571(i) have the effect of an order granting reconsideration. *Kalodner.*

As set forth by this court in *TCI I*, section 407(a) of the Tax Code provides that the settlement of capital stock tax liability "shall, so far as possible, be made so that notice thereof may reach the taxpayer within eighteen months after the tax report was required to be made." In *TCI I*, this court stated that Taxpayer was required to make its 1989 corporate tax report on or before April 15, 1990.[7] As a consequence, the Department was required to issue its notice of settlement by October 15, 1991. Because the Department did not mail its official notice of settlement to Taxpayer until April 15, 1992, the settlement was not timely.

7. While section 407(a) of the Tax Code requires that settlement occur within eighteen months after a tax report was required to be *made,* section 405 of the Tax Code, 72 P.S. § 7405, allows the Department to grant a corporation an extension of time within which to *file* a tax report. We believe that there is no difference between the "filing" of a corporate tax report and the "making" of a corporate tax report. We further note that our Supreme Court has used these two terms interchangeably. *See Western Maryland Railway Co.*

8. The Commonwealth points out that in *TCI I,* this court stated that the Commonwealth had

In its exceptions, the Commonwealth correctly points out that, contrary to our opinion in *TCI I*, the parties never stipulated to the fact that Taxpayer was required to make its 1989 corporate tax report on or before April 15, 1990. What the parties did stipulate to was the fact that the Department granted Taxpayer an extension of time, until October 15, 1990, in which to file its 1989 corporate tax report. Moreover, the parties also stipulated that Taxpayer's 1989 corporate tax report was *timely* filed on October 15, 1990.

■ We conclude that Taxpayer's 1989 corporate tax report could not have been timely filed on October 15, 1990 if, as stated by this court in *TCI I*, Taxpayer had been required to make that report by April 15, 1990. Thus, this court's determination that, as a matter of stipulated fact, Taxpayer's corporate tax report was required to be made by April 15, 1990 was erroneous. Taxpayer's 1989 corporate tax report was required to be made by October 15, 1990, and the Department was required to settle Taxpayer's capital stock tax liability within eighteen months of that date, by April 15, 1992.[8]

In *TCI I*, this court considered the Commonwealth's argument that its settlement was not untimely because Taxpayer had obtained a six-month extension of time for filing its 1989 corporate tax report, thereby giving the Department an equal extension of time within which to issue its settlement. In reliance upon *Western Maryland Railway Co.* and *Bessemer*, this court stated in *TCI I* that a taxpayer's procurement of an extension for filing a tax report did not automatically grant the Department additional time within which to issue its settlement. The Department had to demonstrate that the extension granted to

failed to explain why it had waited until January 1992 to begin the settlement of Taxpayer's 1989 capital stock tax liability when the eighteen-month period of time for settlement had already expired. The Commonwealth properly asserts that there was no reason for it to explain that passage of time because only a settlement that is late needs to be explained. Because the settlement of Taxpayer's 1989 capital stock tax liability was not required to be made until April 15, 1992, there was no need for the Commonwealth to explain why settlement had not occurred by October 15, 1991.

the taxpayer had in some way caused the late settlement by the Department. Based upon our further review of *Western Maryland Railway Co.* and *Bessemer*, we conclude that these cases are not controlling in the present matter.

Both *Western Maryland Railway Co.* and *Bessemer* involved the settlement time provision set forth in section 801(b) of The Fiscal Code (Fiscal Code).[9] Section 801(b) of the Fiscal Code provides as follows:

> (b) All such settlements shall, as far as possible, be so made that notice thereof may reach the taxpayer before the end of the year succeeding the year for which the tax or bonus report or return was made or ought to have been made.

72 P.S. § 801(b).

In contrast, the settlement time provision at issue in the present case is set forth by section 407(a) of the Tax Code which provides as follows:

> (a) All taxes due under this article shall be settled by the department, and such settlement shall be subject to audit and approval by the Department of the Auditor General, and shall, so far as possible, be made so that notice thereof may reach the taxpayer within eighteen months after the tax report was required to be made.

72 P.S. § 7407(a).

Clearly, there is a difference between these two statutory provisions. Section 801(b) of the Fiscal Code sets forth a deadline for settlement that is a fixed date, namely the end of the year succeeding the year for which the tax report was made or ought to have been made. In contrast, section 407(a) of the Tax Code sets forth a deadline for settlement that can vary depending upon when the tax report was required to be made.

The effect of different statutory settlement provisions on the timeliness of settlement by the Commonwealth was discussed by our Supreme Court in *Western Maryland Railway Co.* In that case, the Commonwealth argued that the board's settlement of the taxpayer's 1959 capital stock tax was timely because it had occurred within the statutory time period for settlement of the taxpayer's 1959 corporate net income tax, and the two taxes were generally settled together for any given year. In declining to accept the Commonwealth's argument, our Supreme Court stated that "[t]he effect of sustaining this argument would be to ignore without any authority to do so, the disparate time provisions of The Fiscal Code and the Corporate Net Income Tax Act regarding tax settlements." *Western Maryland Railway Co.*, 435 Pa. at 533, 257 A.2d at 534.

It is significant to note that when *Western Maryland Railway Co.* was decided, the settlement time provisions relating to capital stock tax were governed by section 801(b) of the Fiscal Code, whereas the settlement time provisions relating to corporate net income tax were governed by section 8(a) of the Corporate Net Income Tax Act, Act of May 16, 1935, P.L. 208, *as amended*, 72 P.S. § 3420h(a) (repealed).[10] Subsequent to our Supreme Court's decision in *Western Maryland Railway Co.*, the Tax Code was enacted. With the enactment of the Tax Code, the settlement time provisions relating to capital stock tax came to be governed by section 407(a) of the Tax Code, rather than by section 801(b) of the Fiscal Code.

Because the decisions in *Western Maryland Railway Co.* and *Bessemer* were based upon judicial interpretation of section 801(b) of the Fiscal Code, which no longer governs capital stock tax settlements, those cases are not controlling in the present matter. Rather, our determination as to whether the Department's settlement of Taxpayer's capital stock tax liability was timely must focus upon section 407(a) of the Tax Code.

As we have stated, section 407(a) of the Tax Code provides that settlement "shall, *so*

---

9. Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. § 801(b).

10. As we stated in our opinion in *TCI I*, section 8(a) of the Corporate Net Income Tax Act was the predecessor of section 407(a) of the Tax Code. Section 8(a) of the Corporate Net Income Tax Act provided as follows:

> All taxes due under this act shall be settled by the department, and such settlement shall be subject to audit and approval by the Department of the Auditor General, and shall, so far as possible, be made so that notice thereof may reach the taxpayer before the end of a year after the tax report was required to be made.

*far as possible,* be made so that notice thereof may reach the taxpayer within eighteen months after the tax report was required to be made" (emphasis added). Section 407(c) of the Tax Code further provides that "[p]romptly after the date of any such settlement, the department shall send, by mail or otherwise, a copy thereof to such corporation." 72 P.S. § 7407(c).

In the present case, Taxpayer timely filed its 1989 corporate tax report on October 15, 1990. The Department mailed notice of its settlement to Taxpayer on April 15, 1992, the last day of the eighteen-month time period following the date on which Taxpayer had timely filed its 1989 corporate tax report.[11] To the extent that the settlement was not mailed to Taxpayer until the last day of the eighteen-month time period, we conclude that the delay was caused by Taxpayer.

■ Taxpayer initially caused the delay by failing to provide certain documents with its 1989 corporate tax report. On January 21, 1992, the Department sought additional information from Taxpayer, but Taxpayer did not submit any of the requested documents until March 27, 1992. When Taxpayer finally submitted its consolidated balance sheet, it provided a balance sheet for the wrong year. Taxpayer then submitted the correct consolidated balance sheet on March 30, 1992. Taxpayer failed to submit other information which had been requested from the Department and which was necessary to determine whether Taxpayer was entitled to a manufacturing exemption.

■ As this court stated in *TCI I,* our Supreme Court has held that the only general basis for excusing a late settlement is when the taxpayer does something to delay timely action. *Commonwealth v. Safe Harbor Water Power Corporation,* 423 Pa. 101, 223 A.2d 223 (1966).[12] Moreover, the statutory language that settlement shall be made

"so far as possible" within a particular time frame relieves the Commonwealth from compliance with the time requirements of the statute where the Commonwealth is unable to act promptly. *Id.*

Herein, the Department completed its settlement of Taxpayer's capital stock tax liability on April 10, 1992, eleven days after its receipt of Taxpayer's correct consolidated balance sheet. The Department's settlement was audited and approved by the Department of the Auditor General on April 14, 1992. The settlement was then mailed to Taxpayer on April 15, 1992. We conclude that settlement of Taxpayer's capital stock tax was made in accordance with section 407(a) of the Tax Code. Moreover, the Department complied with section 407(c) of the Tax Code by mailing its notice of the settlement to Taxpayer "promptly" after it was made.

Accordingly, the exceptions filed by the Commonwealth are granted.

COLINS, President Judge, dissents.

### *ORDER*

NOW, this 22nd day of May, 1996, the exceptions of the Commonwealth of Pennsylvania are granted. The panel decision of this court in *TCI Northeast, Inc. v. Commonwealth of Pennsylvania* (No. 476 F.R.1993, filed December 27, 1995) is vacated, and the order of the Board of Finance and Revenue is affirmed. The 1989 capital stock tax liability of TCI Northeast, Inc. is $112,499.00.

---

11. We note that in its petition for resettlement which Taxpayer filed with the Department's Board of Appeals and in its petition for review which Taxpayer filed with the board, Taxpayer asserted that the notice of settlement issued by the Department did not reach Taxpayer until after April 15, 1992. Stipulation of Facts, Exhibits B and C.

12. *Safe Harbor Water Power Corporation* dealt with the interpretation of section 8(a) of the

Corporate Net Income Tax Act, 72 P.S. § 3420h(a). As we stated in footnote 10, *supra,* section 8(a) of the Corporate Net Income Tax Act was the predecessor of section 407(a) of the Tax Code, 72 P.S. § 7407(a). We note that both section 8(a) of the Corporate Net Income Tax Act and section 407(a) of the Tax Code stated that settlement shall be made, *so far as possible,* within a certain period of time.