# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Downs Racing, LP, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Commonwealth of Pennsylvania, | : | No. 201 F.R. 2013 |
| Respondent | : | |
| | | |
| Downs Racing, LP, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Commonwealth of Pennsylvania, | : | No. 202 F.R. 2013 |
| Respondent | : | Submitted: June 7, 2017 |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE ROBERT SIMPSON, Judge
HONORABLE P. KEVIN BROBSON, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                           FILED: October 12, 2017

Downs Racing, LP (Taxpayer) filed exceptions, pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1571(i),[1] to the portions of this

---

[1] Rule 1571(i) states:

> Any party may file exceptions to an initial determination by [this C]ourt under this rule within 30 days after the entry of the order to which exception is taken.  Such timely exceptions shall have the effect, for the purposes of Rule 1701(b)(3) (authority of lower court or agency after appeal) of an order expressly granting reconsideration

Court's July 11, 2016 order affirming the Board of Finance and Revenue's (Board) January 30, 2013 orders denying its Petition for Review and Petition for Refund (Petitions) (Exceptions). There are two issues before this Court: (1) whether the Court erred by holding that Taxpayer's payments to Teleview Racing Patrol, Inc. (Teleview) for closed circuit television services were subject to sales and use taxes; and, (2) whether the Court erred by holding that Taxpayer's payments to IGT (formerly known as International Gaming Technology) for the intellectual property necessary to operate its multi-player gaming system were subject to sales and use taxes. After review, we overrule Taxpayer's Exceptions.

Taxpayer is a Pennsylvania limited partnership that operated a harness racing track, off-track betting locations and a casino resort under the fictitious name, Mohegan Sun at Pocono Downs between January 1, 2005 and December 31, 2008 (Audit Period). The Department of Revenue (Department) determined that, pursuant to Section 202 of the Tax Reform Code of 1971 (Tax Code),[2] Taxpayer owed $1,208,796.86 in sales and use taxes for the Audit Period, but had reported only $869,240.54. Accordingly, in March 2011, the Department issued a Notice of Audit Assessment (Assessment) requiring Taxpayer to pay $440,076.38.[3]

Taxpayer filed a petition with the Department's Board of Appeals (BOA) seeking a reassessment and a refund of self-assessed taxes related to IGT's royalty/licensing fees. The BOA bifurcated the matters, issued one decision sustaining the assessed tax and interest but abating the penalties, and issued another

---

of the determination previously entered by the court. Issues not raised on exceptions are waived and cannot be raised on appeal.

Pa.R.A.P. 1571(i).

[2] Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. § 7202.

[3] The $440,076.38 assessment included: (1) $339,556.32 in additional sales and use taxes; (2) $75,181.47 in interest; (3) $16,977.82 in understatement penalties; and, (4) $8,360.77 in major understatement penalties.

2

decision denying Taxpayer's refund request. Taxpayer filed the Petitions with the Board, which denied them. Taxpayer appealed to this Court, which consolidated the matters. On July 11, 2016, this Court affirmed the Board's orders.[4] Taxpayer timely filed the Exceptions which are now before this Court en banc.[5]

## Teleview Equipment

In its Exceptions, Taxpayer contends that the Court erred by holding that where a transaction's "true object" is a service not defined as tangible personal property (*i.e.*, simulcasted closed-circuit horse races), and the tangible personal property (*i.e.*, Teleview's audio and visual feed equipment) is only the medium by which to transmit the service, that tangible personal property remains taxable. In addition, Taxpayer declares that it is not required to separately value tangible personal property necessary to produce non-taxable services, and that substantial evidence did not support this Court's determination that Teleview's invoices did not sufficiently separate those costs. *See* Exceptions at 3-7. Taxpayer made these identical arguments in its initial appeal to this Court.

The Court, however, rejected these arguments and held that since persons liable for sales and use taxes must keep sales tax records pursuant to the Department's regulations which, at a minimum, require that invoices specify taxable

---

[4] In addition, this Court reversed and remanded a portion of the Board's order for the Board to recalculate taxes Taxpayer owed under its contract with MRI Contract Staffing. That portion of the Board's order is not at issue here. *See Downs Racing, LP v. Commonwealth*, 143 A.3d 511 (Pa. Cmwlth. 2016).

"Our scope of review in tax appeals is . . . limited to the construction, interpretation and application of a State tax statute to [the] given set of facts." *United Servs. Auto. Ass'n v. Commonwealth*, 618 A.2d 1155, 1156 (Pa. Cmwlth. 1992) (quoting *Escofil v. Commonwealth,* 406 A.2d 850, 852 (Pa. Cmwlth. 1979), *aff'd per curiam,* 452 A.2d 1012 (Pa. 1982)).

[5] "[E]xceptions filed pursuant to [Rule] 1571(i) have the effect of an order granting reconsideration." *Kalodner v. Commonwealth*, 636 A.2d 1230, 1231 (Pa. Cmwlth. 1994), *aff'd,* 675 A.2d 710 (Pa. 1995).

versus non-taxable services[6] and, since "neither the auditor nor this Court can determine from the submitted invoices what was billed for taxable services versus non-taxable services because they were billed together as one item on the invoice[,]" Teleview's services were presumed taxable. *Downs Racing, LP v. Commonwealth*, 143 A.3d 511, 517 (Pa. Cmwlth. 2016). The Court alternatively concluded that, since "Teleview was obligated to 'provide, install and maintain' the equipment at issue on Taxpayer's various properties[, and] Teleview provided its own personnel, whom it supervised and controlled," as it would "[i]f Teleview had performed these services for Taxpayer at its own facilities," the services were taxable. *Id.* at 519. In addition, the Court declared, based upon the "true object" test set forth in *Graham Packaging Co., L.P. v. Commonwealth*, 882 A.2d 1076 (Pa. Cmwlth. 2005), that "[e]ven if the 'true object' of the transfer was for intangible personal property, it does not make taxable items non-taxable." *Downs Racing, LP*, 143 A.3d at 515 n.7. We find no error in this Court's July 11, 2016 conclusions relative to this issue.

IGT Intellectual Property License

Taxpayer also contends in its Exceptions that the Court misapplied the true object test in holding that the royalty fees it paid IGT to license IGT's intellectual property were subject to taxation as tangible personal property because the object of the transaction was the intellectual property rather than the license. *See* Exceptions at 7-8. This argument is the same that Taxpayer made in its appeal to this Court.

In concluding that IGT's software license *was* taxable tangible personal property, this Court observed:

---

[6] *See* Section 271 of the Tax Code, 72 P.S. § 7271, and Section 34.2(a)(2) of the Department's Regulations, 61 Pa. Code § 34.2(a)(2).

Without the intellectual property, Taxpayer could not use or operate its poker machines. Thus, the object of the transaction is the intellectual property and not the license. Further, just because the [Tax] Code does not expressly mention 'intellectual property' in its definition of 'tangible personal property' does not mean that it does not constitute tangible personal property. *See Dechert*[*, LLP v. Commonwealth*], 942 A.2d [210,] 212 [(Pa. Cmwlth. 2008)] ('we conclude that the [Tax] Code's definition of 'tangible personal property' is not rendered ambiguous merely because the statute fails to expressly state that software licenses constitute tangible personal property. . . .').

*Downs Racing, LP*, 143 A.3d at 519-20. We find no error in this Court's July 11, 2016 conclusions relative to this issue.

## Conclusion

Clearly,

> **Taxpayer[’s] [E]xceptions** . . . **raise precisely the same issues that [it] raised in [its] initial appeal**.
>
> . . . .
>
> After reviewing our previous opinion and revisiting the arguments Taxpayer[] presented in [its] briefs and at [the June 9, 2016] oral argument, we concur with both the result and the reasoning of this Court's opinion of [July 11, 2016]. **None of the authority cited by Taxpayer[] changes our conclusion or the rationale of that opinion**.
>
> Accordingly, we [overrule] Taxpayer[’s] [E]xceptions.

*Kalodner v. Commonwealth*, 636 A.2d 1230, 1231-32 (Pa. Cmwlth. 1994) (citation omitted; emphasis added), *aff'd,* 675 A.2d 710 (Pa. 1995).

_____
ANNE E. COVEY, Judge

Judge McCullough did not participate in the decision in this case.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Downs Racing, LP,                    :
            Petitioner        :
                               :
          v.                           :
                               :
Commonwealth of Pennsylvania,        :    No. 201 F.R. 2013
            Respondent        :

Downs Racing, LP,                    :
            Petitioner        :
                               :
          v.                           :
                               :
Commonwealth of Pennsylvania,        :    No. 202 F.R. 2013
            Respondent        :

## O R D E R

AND NOW, this 12th day of October, 2017, Downs Racing, LP's exceptions to this Court's July 11, 2016 opinion and order are OVERRULED, and the Chief Clerk is directed to enter judgment in the Commonwealth of Pennsylvania's favor.

_____
ANNE E. COVEY, Judge