**Richard C. HVIZDAK, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 15, 2009.

Decided Nov. 19, 2009.

---

Charles L. Potter, Jr., Pittsburgh, for petitioner.

Kevin A. Moury, Sr. Deputy Attorney General, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and PELLEGRINI, Judge, and KELLEY, Senior Judge.

OPINION BY Judge McGINLEY.

Richard Hvizdak (Taxpayer) petitions for an appeal from an order of the Board of Finance and Revenue (Board) which denied his petition for review of refund and sustained the order of the Board of Appeals (BOA).

Taxpayer, as a Florida resident, was required to file a nonresident Pennsylvania Personal Income Tax (PIT) return. Taxpayer filed his 2002 PIT return under an approved extension. The Pennsylvania Department of Revenue (Department) disallowed a business loss of $21,796,899 from Brown Fox Partners Fund LLC (Brown Fox) because a Pennsylvania partnership return was not filed by Brown Fox. Because the business loss was disallowed, Taxpayer was assessed tax, penalties and interest totaling $789,267.29. Taxpayer paid the assessment in full and petitioned for a refund with the BOA.

The BOA sustained the assessment in full because Taxpayer failed to submit a Pennsylvania partnership return. The BOA struck the 5% penalty assessed by the Department and assessed a 25% penalty. The BOA sustained a penalty for underpayment of estimated tax and added appropriate interest to the tax deficiency. Taxpayer petitioned for review with the Board.

■ The Board denied Taxpayer's petition because Brown Fox did not satisfy the economic substance test set forth in the Pennsylvania Personal Income Tax regulations, 61 Pa.Code § 103.13(a), and sustained the penalty assessment:

The Board finds that the loss from Petitioner's [Taxpayer] investment in Brown Fox Partners Fund LLC demonstrates a lack of economic substance. Petitioner [Taxpayer] has not shown that the investments were entered into for gain, profit or income as required at 61 Pa Code 103.13(a). Therefore, the loss from Brown Fox Partners Fund LLC shall not be allowed.

Petitioner [Taxpayer] has not shown that the underpayment of tax was not the result of negligence or intent to defraud. Moreover, the loss claimed by Petitioner [Taxpayer] is the result of excluding gains that should have been reported. Therefore, the assessment of a 25% underpayment penalty is appropriate since the omission is in excess of 25% of taxable income.

As neither of the safe harbor provisions provided at § 7352 were met, a penalty for underpayment of estimated tax is appropriate. Petitioner's [Taxpayer] request for abatement of the estimated tax penalty must be denied.

Interest is charged to compensate the Commonwealth for the loss of the use of funds while the tax shown to have been properly due is in the possession of the taxpayer. Therefore, Petitioner's [Taxpayer] request for abatement of interest must be denied.

Board Opinion, November 15, 2006, at 4–5.

Taxpayer petitioned for review with this Court. The Commonwealth and Taxpayer stipulated to the following relevant facts:

13. The Taxpayer invested in Brown Fox Partners Fund LLC (the 'Fund') in 2001.

14. This profit was reported as business income on Taxpayer's 2001 Pennsylvania personal income tax return.

15. If called to testify, Taxpayer would testify that he made his investment in the fund with the intention of making a profit.

. . . .

17. According to the Fund's Private Placement memorandum, the Fund's goal was to make a profit for its investors. . . .

. . . .

28. Joseph E. Morando of Arthur Andersen informed Taxpayer of an investment strategy offered by Bricolage Capital LLC ('Bricolage'), a structured capital markets investment firm that appeared to be a good match for his investment profits.

. . . .

32. After further investigation and examination of Bricolage's investment offerings and techniques, Taxpayer elected to invest in the Bricolage fund-of-funds strategy.

33. If called to testify, Taxpayer would testify that some of the reasons that he invested in the Bricolage fund-of-funds strategy were: (1) making a profit; (2) diversification of his investment portfolio, particularly to generate returns not correlated to other equity investments in his portfolio; (3) increased exposure to currency trading strategies; (4) building relationships with investment specialists; and (5) tax benefits.

. . . .

43. On Taxpayer's federal income tax return (Federal Form 1040) for 2002, Taxpayer claimed the identical $21,796,899 loss from Brown Fox Partners Fund LLC against its other income. . . .

44. The Internal Revenue Service challenged this Brown Fox Partners Fund LLC loss and other items on the Taxpayer federal return.

45. Ultimately, this litigation/challenge resulted in the Taxpayer and the Com-

mission of Internal Revenue entering into a 'Closing Agreement on Final Determination Covering Specific Matters' in May of 2006....

Stipulation of Facts, March 20, 2009, Paragraph Nos. 13–15, 17, 28, 32–33, and 43–45 at 2–4, 6.

In the closing agreement with the Internal Revenue Service, Taxpayer conceded that all but $11,003 of the Brown Fox loss was not deductible on his 2002 Federal Income Tax Return.

■ Taxpayer contends that he should be able to deduct his loss from Brown Fox on his 2002 PIT, and that if the loss from Brown Fox should be disallowed, the assessment of a 25% underpayment penalty is inappropriate in light of the fact that all tax was paid prior to the filing of Taxpayer's refund claim.[1]

Under Section 303(a)(2) of the Tax Reform Code (Code), 72 P.S. § 7303[2], eight enumerated classes of income are taxed. One of the eight enumerated classes of income subject to the Pennsylvania PIT is "net profits":

> (2) Net profits. The net income from the operation of a business, profession, or other activity, after provision for all costs and expenses incurred in the conduct thereof, determined either on a cash or accrual basis in accordance with accepted accounting principles and practices but without deduction based on income.

61 Pa.Code § 103.12(a) and (b)(1)(i-iii) and 2, provide:

(a) Net profits shall be the net income from the operation of a business, profession or other activity after provision for all costs and expenses incurred in the conduct thereof. They shall be determined either on a cash or accrual basis in accordance with accepted accounting principles and practices.

(b) To constitute net profits, all of the following must apply:

(i) The marketing of a product or service to customers on a commercial basis or from securities employed as working capital in the business operations.

(ii) Accounts and notes receivable from sales or products or services sold in the ordinary course of the business operations.

(iii) Assets which serve an operational function in the ordinary course of business operations.

(2) the marketing activity shall be conducted with the manifest objective of achieving profitable operations.

61 Pa.Code § 103.13(a), provides:

(a) *Gain or loss.* A gain on the disposition of property is recognized in the taxable year in which the amount realized from the conversion of the property into cash or other property exceeds the adjusted basis of the property. A loss is recognized only with respect to transactions entered into for gain, profit or income and only in the taxable year in which the transaction, in respect to which loss is claimed, is closed and completed by an identifiable event which

1. In appeals from the Board of Finance and Revenue, this Court's review is broad because this Court functions as a trial court, even though such cases are heard in our appellate jurisdiction. *Solar Turbines, Inc. v. Commonwealth,* 816 A.2d 362 (Pa.Cmwlth.2003). Questions raised in the petition for review are determined on the record made before this

Court; parties may stipulate to facts upon which they agree and issues that remain to be tried. Pa.R.A.P. 1571(f), (h).

2. Act of March 4, 1971, P.L. 6, *as amended.* This section was added by the Act of August 31, 1971, P.L. 362.

fixes the amount of the loss so there is no possibility of eventual recoupment.

Initially, Taxpayer contends that his loss from his investment in Brown Fox should be allowed as a deduction on his 2002 PIT return. Taxpayer argues that he entered into the investment with the purpose of making a gain, profit, or income.

Taxpayer ignores the fact that he admitted to the Internal Revenue Service that he did not invest in Brown Fox for profit. In his closing agreement with the Internal Revenue Service, Hvizdak admitted the following:

> (7) Taxpayers' 'Other Loss' from Brown Fox Partners Fund, LLC for the taxable year 2002 is zero, rather than $21,785,896, as claimed on their Form 1040 for the taxable year 2002, all of which was from the Notice 2002–50 transaction. As a result, Taxpayers have a Schedule E Loss from Brown Fox Partners Fund, LLC for the taxable year 2002 of $11,003, rather than $21,796,899.

Closing Agreement on Final Determination Covering Specific Matters, May 18, 2006, Paragraph 7 at 5.

A Notice 2002–50 transaction is one used to allow a taxpayer to gain a permanent economic loss. *See* Internal Revenue Service Notice 2002–50. Although federal and Pennsylvania tax laws are not identical, Taxpayer admitted that by entering into a Notice 2002–50 transaction with respect to Brown Fox he was not investing with the idea of making a gain, profit or income as required under 61 Pa.Code § 103.13(a). The Commonwealth concedes that a loss of $11,003 is permitted and is deductible. As a result, the order of the Board of Finance and Revenue is affirmed as modified with respect to the disallowance of the loss from Brown Fox such that Taxpayer shall be allowed a loss of $11,003.[3]

With a loss of $11,003 subtracted, Taxpayer has a taxable income of $27,780,245. Applying the tax rate of 2.8%, Taxpayer is left with a Pennsylvania tax liability of $777,847.00

■ Taxpayer next contends that the twenty-five percent penalty levied by the Board should be set aside.

Section 352 (b) of the Code, 72 P.S. § 7352(b)[4], provides:

> (b) (1) If any part of any underpayment of any tax imposed by Part II of this article is due to negligence or intentional disregard of rules and regulations, but without intent to defraud, there shall be added to the tax an amount equal to five percent of the underpayment.
>
> (2) If any part of any underpayment of any tax imposed by Part II of this article is due to negligence or intentional disregard of rules and regulations, but without intent to defraud, and the underpayment is from a taxpayer omitting from income an amount properly includable therein which is in excess of twenty-five per cent of the amount of income stated on the taxpayer's return, there shall be added to the tax an amount equal to twenty-five per cent of the underpayment.

Here, the Taxpayer does not qualify under section 352(b)(2) of the Code because he did not omit from income an amount properly includable which was in excess of twenty-five percent of the amount of in-

---

3. Taxpayer also asserts that the economic substance test is a creation of federal law and does not apply here. Because this Court has determined that Taxpayer is not entitled to the deduction under 61 Pa.Code 103(13)(a), this Court need not address Taxpayer's concerns regarding the economic substance test.

4. This section was added by the Act of August 31, 1971, P.L. 362.

come stated in the return. Rather, his loss was disallowed which resulted in an increase in taxable income. The Commonwealth concedes that Taxpayer should only be penalized five percent.

Accordingly, this Court affirms as modified the Board's order. Taxpayer's tax liability for 2002 is reduced to $777,847.00. The underpayment penalty is reduced to five percent. This Court affirms as modified the assessment of appropriate interest under the Code and the penalty for underpayment of estimated tax based on the amount of $777,847.00.

### ORDER

AND NOW, this 19th day of November, 2009, the order of the Board of Finance and Revenue in the above-captioned matter is affirmed as modified. Richard C. Hvizdak is allowed a loss of $11,003.00 for his investment in Brown Fox Partners Fund LLC on his 2002 Pennsylvania Personal Income Tax Return which reduces his tax liability to $777,847.00 from $778,155.00 and is assessed an underpayment penalty of five percent as opposed to the previously assessed twenty-five percent. This Court affirms the assessment of interest and underpayment of estimated tax penalty as recalculated by the tax liability of $777,847.00.

Unless exceptions are filed within 30 days pursuant to Pa. R.A.P. 1571(i), this order shall become final.