# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert M. Kerr,                          :
               Petitioner       :
                                  :
            v.               :
                                  :
Commonwealth of Pennsylvania,            :     No. 158 F.R. 2012
               Respondent       :     Argued: June 5, 2017


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE ANNE E. COVEY, Judge (P.)
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: July 6, 2017

        Robert M. Kerr (Kerr) petitions this Court for review of the Board of Finance and Revenue's (Board) January 25, 2012 order[1] sustaining the Board of Appeals' (Appeals Board) order dismissing Kerr's Petition for Reassessment (Petition). The sole issue before the Court is whether the Board erred by concluding that Kerr's Petition was untimely filed. Upon review, we affirm.

        Initially, "[i]n appeals from the [Board], . . . this Court functions as a trial court, even though such cases are heard in our appellate jurisdiction. Questions raised in the petition for review are determined on the record made before this Court[.]" *Hvizdak v. Commonwealth*, 985 A.2d 984, 987 n.1 (Pa. Cmwlth. 2009) (citation omitted). Pennsylvania Rule of Appellate Procedure (Rule) 1571(f) states:

> No record shall be certified to the [C]ourt by the [Board].
> After the filing of the petition for review, the parties shall

---

[1] Kerr erroneously states in his brief to this Court that he is appealing from the Board's August 30, 2011 order. However, the Board decision Kerr appeals from was rendered January 25, 2012 and mailed January 27, 2012. *See* Kerr Br. App. A.

> take appropriate steps to prepare and file a stipulation of such facts as may be agreed to and to identify the issues of fact, if any, which remain to be tried. *See* Rule 1542 (evidentiary hearing).

Pa.R.A.P. 1571(f). Rule 1542 provides: "[W]here it appears that a genuine issue as to a material fact has been raised . . . , the [C]ourt on its own motion or on application of any party shall, after notice to the parties, hold an evidentiary hearing for the development of the record." Pa.R.A.P. 1542.

In the instant matter, on September 1, 2016, this Court ordered the parties to file a stipulation for judgment by December 1, 2016, or a stipulation of facts by January 3, 2017. On December 30, 2016, Kerr filed a proposed Stipulation of Facts (Proposed Stipulation), in which he represented that a copy was served upon the Commonwealth of Pennsylvania (Commonwealth), and that he "has received no objections to the items listed therein."[2] Prop. Stip. ¶ 20. Although the Proposed Stipulation referenced that Exhibits C (communications between Kerr's accountant and the Commonwealth), D (Appeals Board's order), F (Chapter 16, Section XV of the Pennsylvania Personal Income Tax Guide), and G (statement of Kerr's financial condition) were attached thereto, they were not.[3] *See* Prop. Stip. ¶¶ 5, 7, 17, 18, 19.

On April 27, 2017, the Commonwealth filed an Application for Relief, wherein it asserted that it never signed the Proposed Stipulation (and there is no line on which it could do so), and Proposed Stipulation Exhibits C through G were not attached as represented. Notwithstanding, the Commonwealth declared:

> 6. [T]he Commonwealth proposes it will accept the one-sided [Proposed Stipulation] if it can supplement the record

---

[2] The Commonwealth states in its brief to this Court that its "S/F, or Stipulation of Facts [references in its brief], in the context of this case refers to the [Proposed Stipulation] submitted to the Court by [Kerr's] counsel on December 30, 2016. In actuality, there is no stipulation of facts." Commonwealth Br. at 2 n.1.

[3] The Proposed Stipulation also contained Exhibit E (2006 personal income tax return). On May 17, 2017, this Court granted Kerr's motion to withdraw Exhibit E and any references thereto.

with three exhibits. In addition, [Kerr] should be required to submit its copies of its proposed exhibits.

7. In paragraph 3 of the [Proposed Stipulation], [Kerr] references the assessment issued by the [Commonwealth's Department of Revenue (Department)] in April of 2009. The assessment is not attached. Perhaps this was supposed to be Exhibit A. Attached hereto as Exhibit B is a true and correct copy of the assessment issued on April 9, 2009 by certified mail.

8. Attached hereto as Exhibit C is the letter written (with enclosure) by Paul Frederick Kelly, CPA [(Kelly)], on behalf of [Kerr] to the [Department] dated April 30, 2009.[4]

9. Attached hereto as Exhibit D is the letter dated June 10, 2009, sent by the Pass Through Business Office of the [Department] in response to [Kelly's] letter discussed above. This letter was mailed to [Kerr] at his address in Georgia. This is the same address to which the assessment was mailed. This letter was sent certified mail.

8. [sic] Due to the fact the Court wants this matter brought to a resolution, the Commonwealth will file its brief by May 2, 2017 as required by the Order of Court dated April 18, 2017. These three documents will be discussed in said brief.

9. [sic] In paragraph 5 of [Kerr's] [Proposed Stipulation], the two letters mentioned above (Exhibits C and D) may have been incorporated as a 'Exhibit C'. However, the Commonwealth is not certain of this because [Kerr] never provided a copy of its purported 'Exhibit C.'

App. for Relief at 2-3. The Department's Director of the Pass Through Business Office Karen M. Stusko verified that Exhibits B, C and D were true and correct copies of the Department's business records. Kerr did not oppose the Application for Relief. On May 15, 2017, this Court granted the Commonwealth's Application for Relief, thereby rendering the Proposed Stipulation a Stipulation by the parties

---

[4] At oral argument before this Court, Kerr's counsel could not state how Kelly received the Assessment Notice, but acknowledged that Kelly had it and was authorized to act on Kerr's behalf.

3

(hereinafter Stipulation).[5] The Commonwealth filed its brief with the referenced exhibits attached, and relied upon the Stipulation in support of its position on appeal. Under the circumstances, the Court has sufficient facts before it to decide this appeal without a hearing.

By April 7, 2009 notice, the Department assessed taxes, penalties and interest on income Kerr, a Georgia resident, derived from his investment in PSMK Associates, a Pennsylvania limited partnership (Assessment Notice) Stip. ¶ 3; *see also* Stip. Ex. H. The Department sent the Assessment Notice to Kerr by certified mail at 1126 Shoreline Drive, Jefferson, Georgia. *See* Stip. Ex. H. The Assessment contained the following instructions:

> YOU HAVE THE RIGHT TO APPEAL FOR A REASSESSMENT OR REFUND. **DETAILS OF YOUR APPEAL RIGHTS ARE ENCLOSED** (SEE REV-554). . . . A TAXPAYER DISAGREEING WITH THE ASSESSMENT OF TAX MUST FILE A PETITION FOR REASSESSMENT OR REFUND. APPEALS MUST BE FILED BY THE FOLLOWING DATE: 1) **ON OR BEFORE JUL 06 2009 A PETITION FOR REASSESSMENT MUST BE FILED** OR 2) ON OR BEFORE OCT 07 2009 REMIT THE BALANCE DUE TO THE [DEPARTMENT] AND FILE A PETITION FOR REFUND. APPEALS ARE CONSIDERED TIMELY IF POSTMARKED BY THE U.S. POSTAL SERVICE ON OR BEFORE THE LAST DAY FOR PETITIONING FOR REASSESSMENT OR REFUND OR IF RECEIVED AT THE ADDRESS BELOW ON OR BEFORE THE LAST DAY FOR PETITIONING FOR REASSESSMENT OR REFUND.

Stip. Ex. H. at 3 (emphasis added).

Kerr filed the Petition with the Appeals Board on March 25, 2011. *See* Stip. ¶ 6. The Appeals Board dismissed the Petition because it was not timely filed.

---

[5] The Commonwealth's Exhibits B, C and D were hereinafter added to the Stipulation as Exhibits H, I and J, and Kerr was ordered to file copies of Proposed Stipulation Exhibits B through G with the Court. In accordance with this Court's May 15, 2017 Order, on May 16, 2017, Kerr filed the Stipulation with Exhibits B, C, D, E, F and G attached. However, pursuant to this Court's May 17, 2017 Order, Exhibit E is to be disregarded.

Kerr appealed from that decision to the Board. By January 25, 2012 order, the Board sustained the Appeals Board's decision. Kerr appealed to this Court.[6]

Kerr argues that Section 338(a) of the Tax Reform Code of 1971 (Code),[7] 77 P.S. § 7338(a), requires that the Assessment Notice be sent by certified mail and, since the Assessment Notice was not stamped with a certified mail tracking number, "[i]f the Commonwealth cannot produce this number, then the [Assessment Notice] is void and . . . should be set aside" because it "may never have been mailed."[8] Kerr Br. at 13; *see also* Kerr Br. at 10. In support of his position, Kerr stated that "he never received the [A]ssessment [Notice]," and "he did not learn of [it] until liens were filed." Stip. ¶ 4.

Based upon our review of the record, the Assessment Notice was sent to Kerr's Georgia address and, despite that the Commonwealth did not produce a stamped post office receipt, the Assessment Notice had a certified mailing number. *See* Stip. Ex. H. The Department received Kelly's April 30, 2009 letter, wherein Kelly stated: "[Kerr] is not aware of any taxable issues that would create [the Assessment Notice] and believes this [Assessment Notice] is in error. Please provide [Kerr] a copy of the document you used to prepare [the Assessment Notice]." Stip.

---

[6]      In appeals from determinations of the [Board], this Court essentially acts as a trial court and exercises the broadest scope of review. Our standard of review is *de novo*. The stipulation of facts entered into by the parties is binding on them, although the Court may draw its own legal conclusions.

*Luther P. Miller, Inc. v. Commonwealth*, 88 A.3d 304, 308 n.5 (Pa. Cmwlth. 2014) (citations omitted).

[7] Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§ 7101-10004.

[8] Kerr's brief primarily challenges the merits of the Department's underlying assessment, and only briefly addresses the Petition's timeliness.

At oral argument before this Court, Kerr's counsel represented that Kerr's sole contention relative to timeliness is that the Assessment Notice was not sent by certified mail.

In Kerr's reply brief, he argues that the certified mailing number without a Postal Service Form PS 3800 is insufficient to prove that Kerr received the Assessment Notice. *See* Kerr Reply Br. at 10-11.

5

Ex. I; *see also* Stip. ¶ 5. Kelly's letter reflects that it was copied to Kerr. *See* Stip. Ex. I. By June 10, 2009 certified mailing to Kerr at 1126 Shoreline Drive, Jefferson, Georgia, the Department's Pass Through Business Office explained its assessment. *See* Stip. Ex. J; *see also* Stip. ¶ 5. The Department's June 10, 2009 letter further specified:

> **If you should disagree with the adjusted tax liability, you must file a petition for reassessment or refund. The specific filing deadlines are printed on the assessment.**
>
> Please review the attached Preservation of Appeal Rights[9] that explains that **even if you contact the [Department] after you receive the assessment your time to appeal to the [Appeals Board] is still running**. More information on filing an appeal can be found at www.boardofappeals.state.pa.us[.]

*See* Stip. Ex. J (emphasis added). The return receipt reflects that Kerr received the Department's June 10, 2009 letter on June 12, 2009. *See* Stip. Ex. J at 4. Kerr filed the Petition on March 25, 2011. *See* Stip. ¶ 6.

> The Board made the following findings in its Statement of the Case:
>
> [Kerr] contacted the Department on August 19, 2009 and October 21, 2009 regarding the assessment of 2006 tax due. Department records show that a member of the Pass-Through Business Office spoke to [Kerr] on October 22, 2009, during which [Kerr] indicated that he did not receive the Department's [A]ssessment [N]otice. The Department then informed [Kerr] of his right[] to appeal the assessment to the [Appeals Board] and resent [sic] the June 2009 letter explaining the assessment appeal process to an email address provided by [Kerr].

Kerr Br. App. A (Board Dec.) at 2. In addition, the Board found: "[Kerr] was notified of the jurisdictional issue by letter dated October 18, 2011. [Kerr] has not responded to date." Board Dec. at 1. Notably, Kerr does not take issue, either in the

---

[9] The Preservation of Appeal Rights was not included in the record filed with this Court.

6

Stipulation or his brief to this Court, with the Board's findings. Rather, he claims only that he did not receive the Assessment Notice and the Department cannot prove that he did.

However, Section 338(c) of the Code states,[10] in pertinent part: "A notice of assessment in the estimated amount **shall be sent** to the taxpayer." 72 P.S. § 7338(c) (emphasis added). Section 338(d) of the Code declares that an assessment notice "**shall be mailed** to the taxpayer."[11] 72 P.S. § 7338(d) (emphasis added). Neither provision requires certified mailing. In addition, Section 338(c) of the Code mandates that "[t]**he tax shall be paid within ninety days** after a notice of such estimated assessment has been mailed to the taxpayer, **unless within such period the taxpayer has filed a petition for reassessment** . . . ."[12] 72 P.S. § 7338(c) (emphasis added). Pursuant to Section 2702(a) of the Code,[13] "[a] taxpayer **may file a petition** for reassessment with the [D]epartment **within 90 days after the mailing date of the [Assessment Notice]**." 72 P.S. § 9702(a) (emphasis added).

Accordingly, **Kerr was required either to pay the assessed taxes or file the Petition within 90 days of the Assessment Notice's date – by July 6, 2009** – which the Assessment Notice clearly specified. *See* Stip. Ex. H. at 3. **However, Kerr did not file the Petition until March 25, 2011 - nearly two years (23 months and 19 days) later**. *See* Stip. ¶ 6. Although there is no certified mailing receipt in this record to prove when Kerr received the Assessment Notice, since Section 338 of the Code does not expressly require certified mailing, its absence in this case is not a Code violation. In addition, notwithstanding Kerr's claim that he did not receive the

---

[10] Added by Section 4 of the Act of August 31, 1971, P.L. 362.

[11] Also added by Section 10 of the Act of October 18, 2006, P.L. 1149.

[12] Kerr's representation notwithstanding, Section 338(a) of the Code merely authorizes the Department "to make inquiries, determinations and assessments of all taxes imposed by this article." 77 P.S. § 7338(a).

[13] Added by Section 28 of the Act of October 18, 2006, P.L. 1149.

7

Assessment Notice, it is clear from the unchallenged facts that Kelly made inquiries about the assessment on Kerr's behalf, and purportedly with Kerr's knowledge, **only three weeks after the Assessment Notice was issued**. The Department's June 10, 2009 response to Kelly's letter again instructed Kerr about his appeal rights while he still had **one month in which to timely challenge the Assessment Notice**, but he failed to do so. Moreover, although Kerr contacted the Department on August 19 and October 21, 2009 to discuss the Assessment Notice, it was not until **October 22, 2009 that he first claimed to the Department that he had not received the Assessment Notice**. Despite having, once again, been advised of his appeal rights on October 22, 2009, **Kerr waited another nearly 1½ years** before filing the Petition. Kerr provides no record explanation for the extensive delay, other than that he did not receive the Assessment Notice, which claim is belied by the undisputed facts.

The law is well established that the Code's time limitations are to be strictly enforced. *Quest Diagnostics Venture, LLC v. Commonwealth*, 119 A.3d 406 (Pa. Cmwlth. 2015), *aff'd*, 148 A.3d 448 (Pa. 2016). "It is also well established that neither the Board nor this Court has power to alter the explicit time limitation set forth in the [Code] based on equitable principles." *Phila. Gas Works v. Commonwealth*, 741 A.2d 841, 846-47 (Pa. Cmwlth. 1999), *aff'd,* 757 A.2d 360 (Pa. 2000). Under the circumstances presented here, we hold that the Board properly dismissed Kerr's Petition as untimely.

Based on the foregoing, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert M. Kerr,                          :
                 Petitioner     :
                               :
        v.                          :
                               :
Commonwealth of Pennsylvania,            :     No. 158 F.R. 2012
                 Respondent     :

## O R D E R

AND NOW, this 6th day of July, 2017, the Board of Finance and Revenue's January 25, 2012 order is affirmed.

Unless exceptions are filed within 30 days pursuant to Pa.R.A.P. 1571(i), this order shall become final.

_____
ANNE E. COVEY, Judge