**QUEST DIAGNOSTICS VENTURE, LLC, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 2015.
Decided June 9, 2015.

Margaret C. Wilson, Somerville, NJ, for petitioner.

Neil P. McConnell, Harrisburg, for respondent.

BEFORE: DAN PELLEGRINI, President Judge, BONNIE BRIGANCE LEADBETTER, Judge, RENÉE COHN JUBELIRER, Judge, ROBERT SIMPSON, Judge, MARY HANNAH LEAVITT, Judge, P. KEVIN BROBSON, Judge, and ANNE E. COVEY, Judge.

OPINION BY Judge BONNIE BRIGANCE LEADBETTER.

Quest Diagnostics Venture, LLC (Quest) petitions for review of the order of the Board of Finance and Revenue that affirmed the decision of the Board of Appeals dismissing, as untimely, Quest's petition seeking a refund of the Pennsylvania capital stock tax (franchise tax) paid for the tax year 2007.

Quest questions (1) whether its amended report filed for the tax year 2007 should be treated as a petition for refund timely filed under Section 3003.1(a) of the Tax Reform Code of 1971 (Tax Reform Code), Act of March 4, 1971, P.L. 6, *as amended*, added by Section 14 of the Act of July 1, 1985, P.L. 78, 72 P.S. § 10003.1(a); (2) whether the Department of Revenue (Department) exceeded its legislative powers in promulgating the regulations governing petitions filed with the Board of Appeals and amended reports filed with the Department; and, (3) whether the Department was precluded from raising the timeliness of Quest's petition for refund under equitable principles and under Section 202 of the Taxpayers' Bill of Rights, Act of December 20, 1996, P.L. 195, *as amended*, 72 P.S. § 3310–202. We conclude that Quest's petition for refund was properly dismissed as untimely. Accordingly, we affirm.

As required by Rule 1571(f) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1571(f), the parties submitted a Stipulation of Facts (Stipulation) and exhibits, which reveal the following facts on the issue of jurisdiction to consider Quest's petition for refund. As a limited liability company providing clinical diagnostic laboratory testing services, Quest is subject to the Pennsylvania franchise tax. Quest's PA Corporate Tax Report (PA RCT–101) for the tax year 2007 was due on or before April 15, 2008. On April 15, 2008, Quest obtained a six-month extension to file a PA RCT–101 from the Department and paid franchise tax for the tax year 2007 in the amount of $513,651 by way of credit transfer and electronic payments. On October 15, 2008, Quest filed a PA RCT–101, reporting that its franchise tax liability for the tax year 2007 was $513,651.

On October 12, 2010, Quest attempted to file an amended tax report for the tax year 2007 by filing a PA RCT–101 with a handwritten notation, "Amended Return," on top of each page. On October 15, 2010, Quest filed a correct form, PA RCT–101–X (Amended PA Corporate Tax Report), reporting that its franchise tax liability for the tax year 2007 was $33,171 with the tax due amount of "-$480,480" ($33,171–$513,651 paid on April 15, 2008). Exhibit C to the Stipulation.[1]

---

1. Quest allegedly filed the amended report to deduct distributions made to its corporate members under Section 601(a) of the Tax Reform Code, 72 P.S. § 7601(a), which allows a limited liability company, which is not taxable as a corporation for federal income tax purposes, to reduce its net income or loss for any given year by the amount of distributions made "to any member of such limited liability company ... who is deemed to be materially

On March 23, 2011, an employee in the Department's Taxing Division informed Quest that the 2007 original tax report filed on October 15, 2008 had been selected for review.[2] He asked Quest to submit a copy of the 2007 federal income tax return and all supporting schedules. On the same day, an employee in the Department's Processing Division informed Quest that the amended report was incomplete due to missing pages of 3, 5 and 6. On April 12, 2011, the Department received a copy of Quest's 2007 federal tax return and the missing pages of the amended report. On June 3, 2011, the Department's corporation tax officer, Randall Sarvey, entered a comment in the Department's internal note system, stating that the large decrease in Quest's tax liability was the "result of correcting history of earnings for deduction for materially participating partners." Exhibit I. Another employee, Greene, thereafter entered a comment agreeing with Sarvey's comment. On August 2, Sarvey entered another comment, stating that per his supervisor "JN," Quest was not qualified for the proposed deductions and that the earlier comments in the internal note system should be ignored. *Id.*

On February 14, 2012, Quest sent the Department a letter, stating that it had been informed of the Department's decision to reject the deduction claims made in the amended report. Quest included additional information for the Department's consideration. On February 21, 2012, Sarvey informed Quest that the Department's

decision to reject the 2007 amended report was appropriate. He enclosed a list of petitions, including a petition for refund, that may be available to Quest for filing. The Department accepted the amount of franchise tax reported in Quest's 2007 original report and did not issue a tax assessment.

On February 21, 2012, Quest filed a petition for refund with the Board of Appeals. The Board dismissed the petition as untimely under Section 3003.1(a) of the Tax Reform Code which requires a petition for refund to be filed within three years after the actual payment of tax. Quest challenged the dismissal by filing another petition for refund with the Board of Finance and Revenue which determined that the Board of Appeals correctly dismissed the untimely petition for refund for lack of jurisdiction. Quest's appeal to this Court followed.[3]

The parties stipulated that if called to testify, the manager of Quest's tax compliance unit, Brigida Palladino, would testify that Sarvey told her in August and October 2011 that the 2007 amended report was under review. On February 7, 2012, Sarvey told her that the 2007 amended report was rejected. The director of Quest's affiliate, Hong Donaldson, would testify that she called Sarvey on February 7, 2012 and was told that he would review additional information submitted by Quest, but that the Department's position would unlikely change. Palladino and Donaldson would further testify that they do not re-

---

participating in the activities conducted by such limited liability company ... for purposes of section 469 of the Internal Revenue Code of 1986 (... 26 U.S.C. § 469)."

**2.** The Department may make a tax assessment within three years after the filing of a tax report. Section 407.3(a) of the Tax Reform Code, added by Section 19 of the Act of October 18, 2006, P.L. 1149, 72 P.S. § 7407.3(a).

**3.** This Court consolidated this appeal with Quest's appeal from the dismissal of the petition for refund of franchise tax paid for the tax year 2006 (781 F.R. 2012) for the limited purposes of filing status reports and scheduling status/settlement conferences. On December 5, 2014, Quest withdrew the latter appeal.

member being advised by the Department that the 2007 amended report did not constitute a petition for refund or that the filing of the 2007 amended report would not toll the time period for filing a petition for refund. They also do not remember being advised by the Department of Quest's appeal rights before February 21, 2012. The exhibits submitted by the parties include a transcript of Sarvey's deposition testimony taken on May 29, 2014 (Exhibit M).[4]

A refund of voluntarily paid tax is a matter of legislative grace. *Phila. Gas Works v. Commonwealth*, 741 A.2d 841, 846 (Pa.Cmwlth.1999), *aff'd*, 562 Pa. 621, 757 A.2d 360 (2000). Section 3003.1(a) of the Tax Reform Code provides:

> For a tax collected by the Department of Revenue, a taxpayer who has actually paid tax, interest or penalty to the Commonwealth or to an agent or licensee of the Commonwealth authorized to collect taxes may petition the Department of Revenue for refund or credit of the tax, interest or penalty. Except as otherwise provided by statute, a petition for refund must be made to the department *within three years of actual payment of the tax, interest or penalty.* [Emphasis added.]

Where, as here, a statute provides a remedy, the directions of the statute must be strictly pursued to obtain the remedy. Section 1504 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1504; *Cnty. of*

*Dauphin v. City of Harrisburg*, 24 A.3d 1083, 1090 (Pa.Cmwlth.2011).

The time limitation in a tax statute must "be strictly enforced to prevent any uncertainty in the budgetary planning and fiscal affairs of the Commonwealth." *Phila. Gas Works*, 741 A.2d at 846. Compliance with the time limitation in the Tax Reform Code is "an absolute condition to obtaining a refund." *Id.* Section 3003.1(a) of the Tax Reform Code is a statute of repose that extinguishes entitlement to a tax refund upon expiration of the three-year time period set forth therein; it is not a statute of limitations that runs from the time of an injurious occurrence or discovery of such occurrence. *DaimlerChrysler Corp. v. Commonwealth*, 885 A.2d 117, 121 (Pa.Cmwlth.2005), *aff'd per curiam*, 592 Pa. 612, 927 A.2d 201 (2007). Consequently, a petition for refund filed beyond the three-year time period in Section 3003.1(a) is time-barred. *DaimlerChrysler Corp. v. Commonwealth*, 592 Pa. 612, 927 A.2d 201, 203–04 (2007) (Saylor, J., concurring).[5] The petitioner has the burden of establishing the timeliness of the petition for refund. Section 2705 of the Tax Reform Code, added by Section 28 of the Act of October 18, 2006, P.L. 1149, 72 P.S. § 9705; 61 Pa.Code § 7.14(b)(1).

Quest paid franchise tax for the tax year 2007 on April 15, 2008. The three-year time period for filing a petition for refund, therefore, expired on April 15, 2011, and its entitlement to a tax refund was "com-

---

**4.** Although our review of the Board of Finance and Review's order is addressed to our appellate jurisdiction, we essentially function as a trial court and review the Board's decision *de novo. Phila. Gas Works v. Commonwealth*, 741 A.2d 841, 843 n. 1 (Pa.Cmwlth. 1999), *aff'd*, 562 Pa. 621, 757 A.2d 360 (2000). The facts stipulated by the parties are binding and conclusive and should be regarded as this Court's findings of fact. *Id.* at 843 n. 2.

**5.** Justice Saylor stated in the concurring opinion that this Court's characterization of Section 3003.1(a) as a statute of repose was unnecessary, "given that the time limit established under the statute is integral to the statutory provisions creating ... entitlement to the tax refund." *DaimlerChrysler Corp.*, 927 A.2d at 203.

pletely extinguishe[d]" on that date. *Bellefonte Area Sch. Dist. v. Workmen's Comp. Appeal Bd. (Morgan)*, 156 Pa. Cmwlth. 304, 627 A.2d 250, 252 (1993), *aff'd*, 545 Pa. 70, 680 A.2d 823 (1994). Hence, Quest's petition for refund filed on February 21, 2012, more than ten months after the expiration of the three-year time period, was time-barred.

■ While acknowledging that the three-year time period for filing a petition for refund expired on April 15, 2011, Quest argues that its amended report filed on October 15, 2010 should be treated as a timely filed petition for refund. According to Quest, the amended report contained substantial information required for a petition for refund. Quest's attempt to equate the amended report with a petition for refund must be rejected under the relevant provisions of the Tax Reform Code and the Department's regulations.

A petition for refund must contain statements of (1) the tax type and tax periods, (2) the amount of the tax that the taxpayer claims to have been overpaid and (3) the basis of the taxpayer's refund claim. Section 2703(a)(2) of the Tax Reform Code, added by Section 28 of the Act of October 18, 2006, P.L. 1149, 72 P.S. § 9703(a)(2). A petition for refund must "be supported by an affidavit by the petitioner or the petitioner's authorized representative that the petition is not made for the purpose of delay and that the facts set forth in the petition are true." Section 2703(a)(3). Upon written request of the petitioner or when deemed necessary by the Department, the Department must schedule a hearing to review a petition for refund. Section 2703(b). In addition, all petitions are subject to the Department's regulations. All petitions, including a petition for refund, must be filed with the Board of Appeals. 61 Pa.Code § 7.14(a). A petition must contain, *inter alia*, "[a] detailed statement in separate numbered paragraphs of the facts and grounds relied upon," "[a] statement specifying the relief requested" and "[a] statement indicating whether or not a hearing is requested." 61 Pa.Code § 7.14(e)(1)(iv)-(vi).

Quest's amended report filed on the Department's form, PA RCT–101–X, did not contain all the information required for a petition for refund. It did not contain statements in numbered paragraphs, was not supported by an affidavit required by Section 2703(a)(3) of the Tax Reform Code, and did not contain a statement as to whether Quest was requesting a hearing. In its form and substance, Quest's amended report was not a petition for refund.

Amended reports are governed by 61 Pa.Code § 151.14, which provides in relevant part:

(b) *General.*

(1) An amended report may be filed by a taxpayer, *on a form prescribed by the Department* [PA RCT–101–X] under oath or affirmation of an authorized officer, within 3 years after filing of the original report. An amended report may be filed *for the purpose of bringing to the attention of the Department a correction to the original report or to provide additional information* which the taxpayer requests the Department to consider.

(2) The Department will only consider additional information if it is submitted with an amended report. The taxpayer may submit any information it believes is relevant to the determination of its tax. The filing of an amended report is not a new report.

(3) The Department will not accept an amended report that challenges the Department's policy, its interpretation of the statutes or the constitutionality of the Commonwealth's statutes. *Any*

*challenges to the Department's policy, its interpretation of the statutes or the constitutionality of the Commonwealth's statutes shall be made by filing a petition for reassessment or a petition for refund.*

(c) *Prerequisite.* An amended report will not be considered by the Department unless the taxpayer consents in writing, on a form prescribed by the Department, to the extension of the assessment period for the tax year to 1 year from the date of the filing of the amended report or 3 years from the filing of the original report, whichever period last expires....

(d) *Petition rights.*

(1) *An amended report does not replace the filing of a Petition for Reassessment or a Petition for Refund.*

(2) *The filing of an amended report does not extend the time limits for a taxpayer to file a Petition for Reassessment or a Petition for Refund.*

(e) *Review of amended report.*

(1) The Department is not obligated to revise the tax due the Commonwealth upon review of an amended report. *Its failure to revise the tax due the Commonwealth is not an appealable action and will not change any existing appeal rights of the taxpayer.* [Emphasis added.]

The statutory construction rules equally apply to the interpretation of an agency's regulations. *Wheeling–Pittsburgh Steel Corp. v. Dep't of Envtl. Prot.,* 979 A.2d 931, 937 (Pa.Cmwlth.2009). Where the words of the regulations are clear and free from all ambiguity, they may not be disregarded under the pretext of pursuing its spirit. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b); *Pacella v. Washington Cnty. Tax Claim Bureau,* 10 A.3d 422, 427 (Pa.Cmwlth.2010). In addition, the regulations must be con-

strued, if possible, to give effect to all of its provisions. 1 Pa.C.S. § 1921(a); *Wheeling–Pittsburgh Steel,* 979 A.2d at 937.

In allowing taxpayers to file an amended report to bring any correction of the original report to the Department's attention, 61 Pa.Code § 151.14(d)(1) and (2) plainly provides that the filing of an amended report does not replace the filing of a petition for refund and does not extend the three-year time period for filing a petition for refund in Section 3003.1(a) of the Tax Reform Code. Further, the Department's rejection of an amended report is not an appealable action. 61 Pa.Code § 151.14(e)(1). To accept Quest's argument that its amended report should be treated as a timely filed petition for refund would result in totally disregarding the clear and unambiguous language in 61 Pa. Code § 151.14(d)(1) and (2) and (e)(1) and rendering those provisions meaningless.

██ Quest next argues that the Department exceeded its legislative powers in promulgating 61 Pa.Code §§ 7.14(a) and (e)(1) and 151.14. Quest asserts that 61 Pa.Code § 7.14(a) requires petitions to be filed with the Board of Appeals, when Section 3003.1(a) of the Tax Reform Code requires a petition for refund to be filed with "the Department of Revenue." Quest further asserts that the contents of a petition listed in 61 Pa.Code § 7.14(e)(1) are more extensive than the contents of a petition for refund listed in Section 2703(a)(2) of the Tax Reform Code.

The Department is charged with the enforcement of Article IV (corporate net income tax) of the Tax Reform Code. Section 408(a) of the Tax Reform Code, 72 P.S. § 7408(a). The Tax Reform Code grants the Department broad authority and powers "to prescribe, adopt, promulgate, and enforce rules and regulations, not inconsistent with this article [Article

IV], relating to *any matter or thing pertaining to the administration and enforcement of the provisions of this article, and the collection of taxes, penalties, and interest imposed by this article.*" *Id.* (emphasis added).

The regulations adopted by an agency pursuant to the authority granted by the statute "establish new law, rights or duties." *Borough of Pottstown v. Pa. Mun. Ret. Bd.*, 551 Pa. 605, 712 A.2d 741, 743 (1998). Legislative regulations are binding on reviewing courts as part of a statute, as long as they are (1) within the granted power, (2) adopted in compliance with proper procedures and (3) reasonable. *Barbour v. Mun. Police Officers' Educ. & Training Comm'n*, 52 A.3d 392, 405 (Pa. Cmwlth.2012). Legislative regulations enjoy a general presumption of reasonableness. *Id.* at 406 An agency exceeds its legislative rulemaking powers when regulations are so entirely at odds with fundamental principles as to be the expressions of a whim, rather than an exercise of judgment. *Id.* at 405.

The Department's regulations at 61 Pa. Code § 7.14(a) and (e)(1), requiring all petitions to be filed with the Board of Appeals, a unit within the Department, and to contain certain information, are well within the Department's broad legislative powers to promulgate regulations necessary to administer and enforce the provisions of the Tax Reform Code. Those provisions constitute reasonable implementations of the procedures for filing a petition for refund

and are not inconsistent with Sections 3003.1(a) and 2703(2) of the Tax Reform Code governing a petition for refund. We note that Quest did file the petition for refund with the Board of Appeals, as required by 61 Pa.Code § 7.14(a). The promulgation of 61 Pa.Code § 151.14 to allow for and regulate the filing of amended reports also constitutes the Department's reasonable exercise of its rulemaking authority and is not inconsistent with Sections 2703(a)(2) and 3003.1(a) of the Tax Reform Code.

 Relying on equitable estoppel, laches and equitable tolling, Quest further argues that the Department should be precluded from raising the timeliness of the petition for refund.[6] Quest avers that when it filed the amended report on October 15, 2010, it was unaware of 61 Pa.Code § 151.14 which was adopted on June 18, 2010 to be effective June 19, 2010. Quest claims that the Department misled it to believe that the Department was reviewing its refund claim in the amended report and was in the process of recalculating tax liability. Quest complains that the Department did not advise Quest that the filing of the amended report would not toll the three-year time period for filing a petition for refund. Quest insists that the Department should have advised Quest of its appeal right before the rejection of the amended report.

 Equitable estoppel, laches or equitable tolling, however, cannot vary the statutory requirements in the Tax Reform

---

**6.** The essential elements of equitable estoppel are the party's inducement of the other party to believe certain facts to exist and the other party's reliance on that belief to act. *DePue v. Workers' Comp. Appeal Bd. (N. Paone Constr., Inc.)*, 61 A.3d 1062, 1068 (Pa.Cmwlth.2013). The equitable doctrine of laches precludes actions that are brought without due diligence and result in prejudice to the non-moving party. *Koter v. Cosgrove*, 844 A.2d 29, 34

(Pa.Cmwlth.2004). An untimely filed claim may be permitted under equitable tolling where the defendant actively misleads the plaintiff regarding the cause of action, where extraordinary circumstances prevent the plaintiff from asserting rights, or where the plaintiff timely asserts rights but in the wrong forum. *Uber v. Slippery Rock Univ. of Pa.*, 887 A.2d 362, 366 (Pa.Cmwlth.2005).

Code. *Bethlehem Steel Co. v. Bd. of Fin. & Revenue*, 431 Pa. 1, 244 A.2d 767, 772 (1968); *Biro v. Commonwealth*, 707 A.2d 1205, 1206 (Pa.Cmwlth.1998). Neither the Board of Finance and Revenue nor this Court has the power to alter the explicit time limitations in the Tax Reform Code based on equitable principles. *Bethlehem Steel*, 244 A.2d at 772. In *Cooper v. Commonwealth*, 700 A.2d 553 (Pa.Cmwlth. 1997), an elderly couple, who relied on their daughter to assist them in their day-to-day personal affairs, filed a petition for refund seven days late. In upholding the dismissal of the petition for refund as untimely, this Court stated that compliance with the three-year time limitation is an absolute condition to obtaining a tax refund and that any burdensome effect of the time limitation is "a matter for the legislature to resolve." *Id.* at 555. Hence, Quest cannot rely on equitable principles to justify the untimely filing of the petition for refund.[7]

■ Finally, Quest argues that the Department failed to give Quest notice of the proper procedures for filing a refund claim and should be, therefore, precluded from denying its untimely filed refund claim. In support, Quest relies on Section 202(a)(3) and (b) of the Taxpayers' Bill of Rights, which provides in relevant part:

(a) **Contents.**—The secretary [of Revenue] shall prepare a statement which

sets forth the following in simple and nontechnical terms:

. . . .

(3) *The procedure for filing and processing refund claims and taxpayer complaints and the time frames for departmental action.*

. . . .

(b) **Distribution.**—The statements prepared in accordance with this section shall be distributed by the secretary to all taxpayers the secretary contacts, other than by providing tax return forms, *with respect to the determination or collection of any tax. . . .* [Emphasis added.]

■ Under the plain language in Section 202(a)(3) and (b) of the Taxpayers' Bill of Rights, the Department is required to distribute the statements regarding the procedure for filing and processing a refund claim to taxpayers it contacts "with respect to the determination or collection of any tax." Thus, the Department was not required to provide Quest with such information before it rejected the amended report. Even assuming that the Department failed to comply with the Taxpayers' Bill of Rights, such failure would not cure Quest's failure to timely file a petition for refund under Section 201(b)(3) of the Taxpayers' Bill of Rights, 72 P.S. § 3310–201(b)(3), which provides:

---

7. Assuming, *arguendo*, that equitable principles can be properly applied to Quest's untimely petition for refund, Quest still cannot prevail under the stipulated facts. The only matter before the Department was the amended report. The Department could not consider the amended report until it received the requested documents from Quest on April 12, 2011, just three days before the expiration of the three-year time period for filing a petition for refund. While reviewing the amended report, the Department had no statutory duty to advise Quest of the three-year time period

for filing a petition for refund. Moreover, Sarvey's alleged statements to Quest's employees regarding the status of the amended report were made on August 2 and October 23, 2011 and February 7, 2012, after the expiration of the three-year time period. Sarvey's alleged statements, therefore, could not have caused Quest to file the untimely petition for refund. The record instead demonstrates that Quest's untimely filing was due to its ignorance of the relevant provisions of the Tax Reform Code and the regulations, not due to any action or inaction of the Department.

**(b) Strict compliance unnecessary.—** Except to the extent explicitly provided by this act, the failure of the secretary or an officer or employee of the department to comply with any provision of this act *shall not:*

. . .

(3) *Cure any procedural defect in an administrative or judicial proceeding or case involving a taxpayer with respect to taxes owed or compliance with any duty imposed under the laws of this Commonwealth.* [Emphasis added.]

Based on the foregoing discussion, we affirm the order of the Board of Finance and Revenue.

Judge McGINLEY did not participate in the decision in this case.

### ` ORDER`

AND NOW, this 9th day of June, 2015, the order of the Board of Finance and Revenue in the above-captioned matter is AFFIRMED. The Chief Clerk of the Court shall enter judgment in favor of the Commonwealth and against Quest Diagnostics Venture, LLC, unless exceptions are filed within thirty days after entry of this order pursuant to Pa. R.A.P. 1571(i).