# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert M. Kerr,                      :
                     Petitioner      :
                                     :
              v.                     :
                                     :
Commonwealth of Pennsylvania,        :      No. 158 F.R. 2012
                     Respondent      :      Submitted: April 11, 2018


BEFORE:     HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE ROBERT SIMPSON, Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE ELLEN CEISLER, Judge


OPINION BY
JUDGE COVEY                                 FILED: May 7, 2018


          Robert M. Kerr (Kerr) filed exceptions pursuant to Pennsylvania Rule of
Appellate Procedure (Rule) 1571(i)[1] to this Court's July 6, 2017 order affirming the
Board of Finance and Revenue's (Board) January 25, 2012 order sustaining the Board
of Appeals' (Appeals Board) dismissal of Kerr's Petition for Reassessment (Petition)
(Exceptions).   The sole issue before the Court is whether the Court erred by

---

[1] Rule 1571(i) states:

> Any party may file exceptions to an initial determination by [this
> C]ourt under this rule within 30 days after the entry of the order to
> which exception is taken.  Such timely exceptions shall have the
> effect, for the purposes of Rule 1701(b)(3) (authority of lower court
> or agency after appeal) of an order expressly granting reconsideration
> of the determination previously entered by the court.  Issues not raised
> on exceptions are waived and cannot be raised on appeal.

Pa.R.A.P. 1571(i).

concluding that Kerr's Petition was untimely filed.[2] After review, we overrule Kerr's Exceptions.

The procedural posture of this case is undisputed. *See* Stipulation of Facts (Stipulation).[3] By April 7, 2009 notice, the Commonwealth of Pennsylvania Department of Revenue (Department) assessed taxes, penalties and interest on income Kerr, a Georgia resident, derived from his investment in PSMK Associates, a Pennsylvania limited partnership (Assessment Notice).[4] *See* Stip. ¶ 3; *see also* Stip. Ex. H. The Department sent the Assessment Notice to Kerr by certified mail at 1126 Shoreline Drive, Jefferson, Georgia. *See* Stip. Ex. H. A bar code and certified mailing number 7179 0771 4430 9024 3503 appear at the top of the Assessment Notice and next to the number are the words "Certified Mail Number." *See* Stip. Ex. H. The Assessment Notice contained the following instructions:

> YOU HAVE THE RIGHT TO APPEAL FOR A REASSESSMENT OR REFUND. **DETAILS OF YOUR APPEAL RIGHTS ARE ENCLOSED** (SEE REV-554). . . . A TAXPAYER DISAGREEING WITH THE ASSESSMENT OF TAX MUST FILE A PETITION FOR REASSESSMENT OR REFUND. APPEALS MUST BE FILED BY THE FOLLOWING DATE: 1) **ON OR BEFORE JULY 06 2009 A PETITION FOR REASSESSMENT MUST BE FILED**

---

[2] Kerr's Exceptions primarily challenge the merits of the Department's underlying assessment, and only briefly address the Petition's timeliness. At the June 5, 2017 oral argument before this Court, Kerr's counsel represented that Kerr's sole contention on appeal relative to timeliness is that the Assessment Notice was not sent by certified mail. In Kerr's reply brief filed with this Court in his original appeal (Original Reply Brief), Kerr asserted that the certified mailing number without a Postal Service Form PS 3800 is insufficient to prove that Kerr received the Assessment Notice. *See* Kerr Original Reply Br. at 10-11. Notably, Kerr does not make that specific argument in his Exceptions. *See* Exceptions ¶ 11(j); *see also* Exceptions Br. at 10, 13.

[3] Kerr filed a proposed stipulation of facts on December 30, 2016. After amendment, on May 15, 2017, the parties agreed upon the Stipulation.

[4] In the Commonwealth's April 27, 2017 Application for Relief to amend Kerr's proposed stipulation of facts (Application for Relief), the Commonwealth represented that Exhibit H (formerly Commonwealth Exhibit B), is "a true and correct copy of the [Assessment Notice] issued on April 9, 2009 by certified mail." July 6, 2017 memorandum opinion at 3. Kerr did not oppose the Commonwealth's requested amendment. *See id.* at 3. This Court granted the Commonwealth's Application for Relief, thereby making that representation a stipulated fact. *See id.* at 3-4.

OR 2) ON OR BEFORE OCT 07 2009 REMIT THE BALANCE DUE TO THE [DEPARTMENT] AND FILE A PETITION FOR REFUND. APPEALS ARE CONSIDERED TIMELY IF POSTMARKED BY THE U.S. POSTAL SERVICE ON OR BEFORE THE LAST DAY FOR PETITIONING FOR REASSESSMENT OR REFUND OR IF RECEIVED AT THE ADDRESS BELOW ON OR BEFORE THE LAST DAY FOR PETITIONING FOR REASSESSMENT OR REFUND.

Stip. Ex. H. at 3 (emphasis added).

Kerr filed the Petition with the Appeals Board on March 25, 2011. *See* Stip. ¶ 6. The Appeals Board dismissed the Petition because it was not timely filed. Kerr appealed from that decision to the Board. By January 25, 2012 order, the Board sustained the Appeals Board's decision. Kerr appealed to this Court.[5] On July 6, 2017, this Court affirmed the Board's order. Kerr timely filed the Exceptions which are now before this Court en banc.[6]

Kerr argues in his brief in support of his Exceptions (Exceptions Brief) that Section 338(a) of the Tax Reform Code of 1971 (Code),[7] requires that the

---

[5] In appeals from determinations of the [Board], this Court essentially acts as a trial court and exercises the broadest scope of review. Our standard of review is *de novo.* The stipulation of facts entered into by the parties is binding on them, although the Court may draw its own legal conclusions.

*Luther P. Miller, Inc. v. Commonwealth*, 88 A.3d 304, 308 n.5 (Pa. Cmwlth. 2014) (citations omitted).

'Our scope of review in tax appeals is . . . limited to the construction, interpretation and application of a State tax statute to [the] given set of facts.' *United Servs. Auto. Ass'n v. Commonwealth*, . . . 618 A.2d 1155, 1156 ([Pa. Cmwlth.] 1992) (quoting *Escofil v. Commonwealth,* . . . 406 A.2d 850, 852 ([Pa. Cmwlth.] 1979), *aff'd per curiam,* . . . 452 A.2d 1012 ([Pa.] 1982)).

*Downs Racing, LP v. Commonwealth*, 174 A.3d 1174, 1175 n.4 (Pa. Cmwlth. 2017).

[6] "[E]xceptions filed pursuant to [Rule] 1571(i) have the effect of an order granting reconsideration." *Kalodner v. Commonwealth*, 636 A.2d 1230, 1231 (Pa. Cmwlth. 1994), *aff'd*, 675 A.2d 710 (Pa. 1995).

[7] Act of March 4, 1971, P.L. 6, *as amended*, added by Section 4 of the Act of August 31, 1971, P.L. 362, 77 P.S. § 7338(a).

3

Assessment Notice be sent by certified mail and, since the Assessment Notice was not stamped with a certified mail tracking number, "[i]f the Commonwealth cannot produce this number, then the [Assessment Notice] is void and . . . should be set aside" because it "may never have been mailed." Exceptions ¶ 11(j); *see also* Kerr Exceptions Br. at 10, 13; Kerr Original Br. at 10, 13. In support of his position, Kerr stated that "he never received the [A]ssessment [Notice]," and "he did not learn of [it] until liens were filed." Stip. ¶ 4. This position is the identical argument Kerr made in his original appeal to this Court.

In concluding that Kerr's Petition was late-filed, this Court observed that the Assessment Notice was sent to Kerr's record address in Georgia and, despite that the Commonwealth did not produce a stamped post office receipt, the Assessment Notice clearly contains a certified mailing number. *See* Stip. Ex. H. Moreover, shortly after the Assessment Notice was mailed, the Department received an April 30, 2009 letter from certified public accountant, Paul Frederick Kelly (Kelly), wherein Kelly stated: "[Kerr] is not aware of any taxable issues that would create [the Assessment Notice] and believes this [Assessment Notice] is in error. Please provide [Kerr] a copy of the document you used to prepare [the Assessment Notice]." Stip. Ex. I; *see also* Stip. ¶ 5. Kelly's letter reflects that it was copied to Kerr. *See* Stip. Ex. I. By June 10, 2009 letter, sent by certified mail to Kerr at 1126 Shoreline Drive, Jefferson, Georgia, the Department's Pass Through Business Office explained its assessment. *See* Stip. Ex. J; *see also* Stip. ¶ 5. The Department's June 10, 2009 letter further specified:

> **If you should disagree with the adjusted tax liability, you must file a petition for reassessment or refund. The specific filing deadlines are printed on the assessment.**

> Please review the attached Preservation of Appeal Rights[8] that explains that **even if you contact the [Department] after you receive the assessment your time to appeal to the [Appeals Board] is still running**. More information on filing an appeal can be found at www.boardofappeals.state.pa.us[.]

*See* Stip. Ex. J (emphasis added). The return receipt reflects that Kerr received the Department's June 10, 2009 letter on June 12, 2009, at the same address where the Department's April 2009 Assessment Notice was mailed. *See* Stip. Ex. J at 4. Kerr filed the Petition on March 25, 2011. *See* Stip. ¶ 6.

> The Board made the following findings in its Statement of the Case:

> [Kerr] contacted the Department on August 19, 2009 and October 21, 2009 regarding the assessment of 2006 tax due. Department records show that a member of the Pass-Through Business Office spoke to [Kerr] on October 22, 2009, during which [Kerr] indicated that he did not receive the Department's [A]ssessment [N]otice. The Department then informed [Kerr] of his right[] to appeal the assessment to the [Appeals Board] and resent [sic] the June 2009 letter explaining the assessment appeal process to an email address provided by [Kerr].

Board Dec. at 2. In addition, the Board found: "[Kerr] was notified of the jurisdictional issue by letter dated October 18, 2011. [Kerr] has not responded to date." Board Dec. at 1. Notably, Kerr did not take issue, either in the Stipulation or his briefs to this Court, with the Board's findings. Rather, he claimed only that he did not receive the Assessment Notice and the Department could not prove otherwise.

Notwithstanding, this Court explained in its July 6, 2017 memorandum opinion (Opinion), that Section 338(c) of the Code[9] states, in pertinent part: "A notice of assessment in the estimated amount shall be sent to the taxpayer." 72 P.S. § 7338(c). Section 338(d) of the Code[10] declares that an assessment notice "shall be

---

[8] The Preservation of Appeal Rights was not included in the record filed with this Court.
[9] Added by Section 4 of the Act of August 31, 1971, P.L. 362.
[10] Added by Section 10 of the Act of October 18, 2006, P.L. 1149.

mailed to the taxpayer." 72 P.S. § 7338(d). **Neither provision requires that the Assessment Notice be sent by certified mailing**. Where the General Assembly has mandated certified mailing, it has specified that requirement in the pertinent tax statute. *See* Section 602(e)(1) of the Real Estate Tax Sale Law,[11] 72 P.S. § 5860.602(e)(1) (a tax sale notice shall be given "by United States certified mail, restricted delivery, return receipt requested, postage prepaid[.]"). Further, "'[t]he mailbox rule creates a rebuttable presumption that an item which is properly mailed will be received; the presumption cannot be nullified by only an assertion that the item was not received.' *C.E. v. Dep't of Pub. Welfare,* 97 A.3d 828, 832 (Pa. Cmwlth. 2014)." *Estate of Wilson by Killinger v. State Employees' Ret. Bd.*, 177 A.3d 1020, 1024 n.5 (Pa. Cmwlth. 2017).

In addition, Section 338(c) of the Code mandates that "[t]**he tax shall be paid within ninety days** after a notice of such estimated assessment has been mailed to the taxpayer, **unless within such period the taxpayer has filed a petition for reassessment** . . . ."[12] 72 P.S. § 7338(c) (emphasis added). At the time the Department's Assessment Notice was issued, Section 2702(a) of the Code provided:[13] "A taxpayer **may file a petition** for reassessment with the [D]epartment **within 90 days after the mailing date of the** [Assessment Notice]." 72 P.S. § 9702(a) (emphasis added). Accordingly, **Kerr was required either to pay the assessed taxes or file the Petition within 90 days of the Assessment Notice's date – by July 6, 2009** – which the Assessment Notice clearly specified. *See* Stip. Ex. H. at 3.

---

[11] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-5860.803.

[12] Kerr's representation notwithstanding, Section 338(a) of the Code merely authorizes the Department "to make the inquiries, determinations and assessments of all taxes imposed by this article." 77 P.S. § 7338(a).

[13] Added by Section 28 of the Act of October 18, 2006, P.L. 1149. The 90-day appeal period was amended to 60 days by Section 44 of the Act of October 30, 2017, P.L. 672.

**Kerr did not file the Petition until March 25, 2011 - nearly two years (23 months and 19 days) later**. *See* Stip. ¶ 6. Although there is no certified mailing receipt in this record to prove when Kerr received the Assessment Notice, since Section 338 of the Code does not expressly require certified mailing, its absence in this case is not a Code violation. In addition, notwithstanding Kerr's claim that he did not receive the Assessment Notice, it is clear from the unchallenged facts that **Kelly made inquiries about the assessment on Kerr's behalf, and purportedly with Kerr's knowledge, only three weeks after the Assessment Notice was issued**. The Department's June 10, 2009 response to Kelly's letter again instructed Kerr about his appeal rights while he still had **one month in which to timely challenge the Assessment Notice**, but he failed to do so. Moreover, although Kerr contacted the Department on August 19 and October 21, 2009 to discuss the Assessment Notice, it was not until **October 22, 2009 that he first claimed to the Department that he had not received the Assessment Notice**. Despite having, once again, been advised of his appeal rights on October 22, 2009, **Kerr waited nearly another 1½ years** before filing the Petition. Kerr provides no record explanation for the extensive delay, other than that he did not receive the Assessment Notice, which claim is belied by the undisputed facts.

This Court observed in its Opinion, that the law is well-settled that the Code's time limitations are to be strictly enforced. *Quest Diagnostics Venture, LLC v. Commonwealth*, 119 A.3d 406 (Pa. Cmwlth. 2015), *aff'd*, 148 A.3d 448 (Pa. 2016). "It is also well established that neither the Board nor this Court has power to alter the explicit time limitation set forth in the [Code] based on equitable principles." *Phila. Gas Works v. Commonwealth*, 741 A.2d 841, 846-47 (Pa. Cmwlth. 1999), *aff'd*, 757 A.2d 360 (Pa. 2000). We find no error in this Court's conclusions.

Clearly,

**[Kerr's] [E]xceptions . . . raise precisely the same issues that [he] raised in [his] initial appeal**.

. . . .

After reviewing our previous [O]pinion and revisiting the arguments [Kerr] presented in [his] briefs and at [the June 5, 2017] oral argument, we concur with both the result and the reasoning of this Court's [Opinion]. **None of the authority cited by [Kerr] changes our conclusion or the rationale of that [O]pinion**.

Accordingly, we [overrule] [Kerr's] [E]xceptions.

*Kalodner v. Commonwealth*, 636 A.2d 1230, 1231-32 (Pa. Cmwlth. 1994) (citation omitted; emphasis added), *aff'd*, 675 A.2d 710 (Pa. 1995).

For all of the above reasons, the Exceptions are overruled.

_____
ANNE E. COVEY, Judge

8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert M. Kerr,               :
                  Petitioner     :
                                    :
           v.                    :
                                    :
Commonwealth of Pennsylvania,   :    No. 158 F.R. 2012
                 Respondent   :

## O R D E R

AND NOW, this 7th day of May, 2018, the exceptions filed by Robert M. Kerr to this Court's July 6, 2017 opinion and order are OVERRULED, and the Chief Clerk is directed to enter judgment in the Commonwealth of Pennsylvania's favor.

_____
ANNE E. COVEY, Judge