IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carmencita Maria Pedro,       :
                                   :
                 Appellant   :
                                   :
             v.            : No. 530 C.D. 2017
                                   : Submitted: June 15, 2018
Bureau of Administrative    :
Adjudication                 

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                        FILED: August 29, 2018

Carmencita Maria Pedro (Pedro) appeals, *pro se*, from an order of the Court of Common Pleas of Philadelphia County (trial court) denying her appeal from a decision of the Bureau of Administrative Adjudication (BAA) of the City of Philadelphia (City) that upheld a notice of violation issued to her. Pedro asserts that the trial court abused its discretion and acted unfairly towards her by denying her appeal. Discerning no error of law or abuse of discretion, we affirm.

Pedro was ticketed on October 5, 2015, for failure to display a valid certificate of inspection in violation of Section 12-916(2) of the Philadelphia Traffic Code.[1] Pedro appealed the ticket to the BAA and attended an administrative hearing before a BAA hearing examiner.

---

[1] *See* The Philadelphia Code and Charter, The Traffic Code, Section 12-916(2) (providing "No person shall park a vehicle on any public highway if the person is not licensed as required by

At the hearing, Pedro was given an opportunity to present testimony and evidence to refute the ticket. *See* Original Record (O.R.)[2] at 34-39. The hearing examiner found that Pedro failed to provide any evidence or testimony to demonstrate that the vehicle was inspected. Thus, the hearing examiner determined that Pedro was liable for the ticket.

Pedro appealed the hearing examiner's decision and requested an appeal hearing before the BAA Appeal Panel. The BAA scheduled a hearing for July 8, 2016, and notified Pedro of the same, but Pedro did not appear. The BAA Appeal Panel affirmed.

Pedro then filed an appeal with the trial court. On October 17, 2016, the trial court issued a scheduling order requiring: the BAA to file the Certified Record of the proceedings before the BAA by December 5, 2016; Pedro to file her brief by January 3, 2017; and the BAA to file its brief by February 6, 2017. In accord thereto, the BAA electronically filed the Certified Record. The trial court scheduled oral argument on Pedro's appeal for March 23, 2017.

On January 3, 2017 – the date her brief was due – Pedro filed a motion for extraordinary relief requesting, *inter alia*, an extension of the briefing deadline because the BAA failed to serve her with a copy of the Certified Record and the trial

---

[Section 1501 of the Vehicle Code,] 75 Pa. C.S. §1501, if the vehicle is not registered as required by [Section 1301,] 75 Pa. C.S. §1301, if the vehicle does not display a registration plate as required by [Section 1332,] 75 Pa. C.S. §1332, if the vehicle is not covered by financial responsibility as required by [Section 1786,] 75 Pa. C.S. §1786, or if the vehicle does not display a currently valid certificate of inspection as required by [Section 4703,] 75 Pa. C.S. §4703. For purposes of enforcement of this subsection, absence of a current validation sticker cannot be the basis for a presumption that a vehicle is not registered or does not display a registration plate.").

[2] Because the Original Record was filed electronically and was not paginated, the page numbers referenced in this opinion reflect electronic pagination. The Original Record contains within it the Certified Record created before the BAA. *See* O.R. at 28-44.

court gave Pedro only 29 days to file her brief while allowing the BAA 34 days to file its brief. O.R. at 47. The trial court denied the motion.

The BAA timely filed its brief in which it averred that Pedro's appeal should be denied because she failed to file her brief in violation of the trial court's scheduling order and did not meet her burden of proof. Pedro filed a second motion for extraordinary relief seeking the trial judge's recusal, which was also denied.

On March 22, 2017, the trial court issued an order denying Pedro's appeal. Consequently, oral argument was not held. In the opinion filed in support, pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(a), the trial court explained that it dismissed Pedro's appeal because she did not file an appellate brief by January 3, 2017, as required by the scheduling order.

Pedro timely filed a notice of appeal in this Court.[3] On appeal, Pedro presents 24 issues for our review. In essence, Pedro asserts that the trial court abused its discretion and acted unfairly and with malice, racial animus, prejudice and bias towards her by denying access to the Certified Record, her motions for extraordinary relief, oral argument, and, ultimately, her appeal.

The BAA counters that the order of the trial court should be affirmed on the grounds that Pedro did not file a brief with the trial court thereby depriving the trial court of an opportunity to conduct a meaningful review and that Pedro

---

[3] This Court's scope of review in a local agency appeal where a full and complete record was made before the agency is limited to determining whether constitutional rights were violated, the agency complied with the procedural provisions of the Local Agency Law, 2 Pa. C.S. §§551-555, an error of law was committed, and the findings by the local agency are supported by substantial evidence. Section 754(b) of Local Agency Law, 2 Pa. C.S. §754(b); *Johnson v. Lansdale Borough*, 146 A.3d 696, 711 (Pa. 2016).

waived all of the 24 appellate issues by not adequately developing her arguments in contravention of Rule of Appellate Procedure 2119(a).[4]

In appeals from local agency decisions to a court of common pleas where that court reviews the agency's decision in an appellate capacity, the court of common pleas is not bound by the Rules of Appellate Procedure unless it has specifically adopted those rules, and will instead apply its local rules to the appeal. *Smith v. City of Philadelphia*, 147 A.3d 25, 30-31 (Pa. Cmwlth. 2016); *King v. City of Philadelphia*, 102 A.3d 1073, 1076 (Pa. Cmwlth. 2014). The trial court has not explicitly adopted the Rules of Appellate Procedure and thus Local Rule 320 of the Philadelphia County Rules of Civil Procedure sets forth the framework for appeals from local agencies. *King*, 102 A.3d at 1076. Relevant to this case, subsection (c) of Local Rule 320 provides:

> The Supervising Judge shall publish a standing case management order for each agency whose determinations are appealed on a regular basis ("agency-specific orders"). For agencies whose determinations are seldom appealed, the Supervising Judge shall publish a standing order of a generic nature. The Office of Judicial Records shall provide appellant(s) with an agency-specific (or generic) standing order whenever a notice of appeal is filed. Every appeal (and matter ancillary thereto) shall be governed by the aforesaid standing order and any supplemental order, which may be issued by the Supervising Judge.

Phila. Civ. R. 320(c).

---

[4] Rule 2119(a) provides that "[t]he argument [portion of an appellant's brief] shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa. R.A.P. 2119(a).

Although not bound by the Rules of Appellate Procedure, a court of common pleas conducting an appellate review of a local agency decision may look to the Rules of Appellate Procedure as guidance. *King*, 102 A.3d at 1077. Relevant to this matter, Rule 2188 provides that "[i]f an appellant fails to file [her] . . . brief . . . within the time prescribed by these rules . . . an appellee may move for dismissal of the matter." Pa. R.A.P. 2188.

Courts may impose sanctions, including dismissal, based on the failure of a party to follow the court's procedural rules. *Smith*, 147 A.3d at 31; *King*, 102 A.3d at 1077; *Muth v. Ridgway Township Municipal Authority*, 8 A.3d 1022, 1027 (Pa. Cmwlth.), *appeal denied*, 21 A.3d 1195 (Pa. 2010). Indeed, courts possess the inherent power to enforce their orders and judgments. *Commonwealth v. Shaffer*, 712 A.2d 749, 751 (Pa. 1998).

Such determinations will not be disturbed absent an abuse of discretion. *Smith*, 147 A.3d at 31; *King*, 102 A.3d at 1077; *Muth*, 8 A.3d at 1027. "Where the discretion exercised by the trial court is challenged on appeal, the party bringing the challenge bears a heavy burden." *Commonwealth v. Safka*, 141 A.3d 1239, 1248 (Pa. 2016) (quoting *Paden v. Baker Concrete Construction, Inc.*, 658 A.2d 341, 343 (Pa. 1995)). In this regard, "'it is not sufficient to persuade the appellate court that it might have reached a different conclusion . . . .'" *Id.* at 1248-49 (quoting *Paden*, 658 A.2d at 343). "Rather, one must go further and show an abuse of the discretionary power." *Id.* at 1249. "'An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record.'" *Id.* (quoting *Paden*, 658 A.2d at 343).

5

Here, the trial court issued a case management order stating that the appeal would be handled under the guidelines set forth in Local Rule 320 and that the court would enter a scheduling order if the case was not disposed of within 60 days of the entry of the order. O.R. at 11. On October 17, 2016, the trial court issued a scheduling order requiring Pedro to file her brief by January 3, 2017. O.R. at 25. The scheduling order further provided that motions for extraordinary relief shall be filed no later than January 3, 2017. *Id.* Although Pedro timely filed a motion for extraordinary relief requesting an extension of time to file her brief, the trial court denied the motion. O.R. at 6, 46-49. Pedro did not file a brief. At the request of the BAA, the trial court dismissed Pedro's appeal as a sanction for noncompliance.[5]

Upon review, we conclude that the trial court did not err or abuse its discretion in denying Pedro's appeal. As the party who initiated the local agency appeal in the trial court, Pedro "had an affirmative duty to prosecute the appeal [s]he filed." *King*, 102 A.3d at 1077 (quoting *Civil Service Commission of the City of Philadelphia v. Wenitsky*, 521 A.2d 80, 82 (Pa. Cmwlth. 1987)). By failing to file a brief within the time prescribed, Pedro did not comply with the scheduling order. The trial court, acting within its discretion, dismissed the appeal. *See Smith*, 147 A.3d at 31; *King*, 102 A.3d at 1077; *Muth*, 8 A.3d at 1027.

Although the scheduling order also permitted motions for extraordinary relief, the trial court did not abuse its discretion by denying Pedro's request. In her motion for extraordinary relief, Pedro asked the trial court to: "1.) suspend all

---

[5] We note that the issue of Pedro failing to comply with the trial court's scheduling order is not one of first impression for this Court. In a similar appeal recently filed by Pedro from a BAA determination, this Court issued an unreported memorandum opinion affirming the order of the trial court denying Pedro's appeal because she failed to file a brief in violation of the scheduling order. *See Pedro v. Bureau of Administrative Adjudication* (Pa. Cmwlth., No. 876 C.D. 2016, filed July 10, 2017).

existing deadlines; 2.) compel the production of the Certified Record; and 3.) request an extension of time to file her brief." O.R. at 47. In support, Pedro alleged that she did not receive a copy of the Certified Record. O.R. at 47. However, the Certified Record contains a certificate of service indicating that service was made electronically and through the U.S. mail to Pedro's address on record. O.R. at 45. Pedro does not refute the accuracy of her address or offer any explanation to overcome the presumption that the Certified Record was mailed to her. *Compare* O.R. at 44 (Pedro's Pennsylvania Driver's License listing her address) *with* O.R. at 45 (Certificate of Service using same address) *and* Appellant's Brief (Proof of Service bearing same address); *see Kerr v. Commonwealth*, 186 A.3d 520, 524 (Pa. Cmwlth. 2018) ("[T]he mailbox rule creates a rebuttable presumption that an item which is properly mailed will be received; the presumption cannot be nullified by only an assertion that the item was not received.") (citation and quotation omitted).

Pedro also asserted that the trial court should have given her more time to file her brief on the basis that the scheduling order allowed her only 29 days to file her brief while allowing the BAA 34 days to file its brief. O.R. at 47. Although we recognize that parties typically have 30 days to file briefs, *unless otherwise ordered*, *see* Pa. R.A.P. 2185(a), the discrepancy of five days in a briefing schedule is not manifestly unreasonable.[6] Moreover, this discrepancy was readily apparent at the time the trial court issued the October 17, 2016, scheduling order. Yet, Pedro waited until the last day upon which to file her brief to seek relief on this basis.

---

[6] In fact, it is not uncommon for one party to receive more time when the last day of the filing deadline falls on a weekend or holiday. *See* 1 Pa. C.S. §1908 (excluding weekends and holidays from the computation of time when the last day of the time period falls on a weekend or holiday).

7

Finally, Pedro's claims of partiality, prejudice, bias or ill will are not adequately developed in her brief or otherwise supported by the record.[7] *City of Philadelphia v. Berman*, 863 A.2d 156, 161 n.11 (Pa. Cmwlth. 2004) (holding that the failure to develop an issue in the argument section of the brief constitutes a waiver of the issue); *see also* Pa. R.A.P. 2119(a) (requiring that the argument shall be divided into as many parts as there are questions followed by discussion and citation of pertinent authority).

For these reasons, we conclude that the trial court did not err or abuse its discretion by denying Pedro's appeal. Accordingly, we affirm.

MICHAEL H. WOJCIK, Judge

---

[7] Pedro's claims of partiality, prejudice, bias or ill will are primarily directed at Judge Linda Carpenter, who handled the case until January 3, 2017, as well as Pedro's previous appeal. *See Pedro*, slip op. at 5-6; *see also* Appellant's Supplemental Brief at 2-5. Although Judge Carpenter issued the scheduling order in this matter, Judge Daniel Anders ruled on Pedro's motions for extraordinary relief and her appeal, which form the basis of this appeal. O.R. at 4-6 (Docket Sheet). Pedro's only claim against Judge Anders appears to be his enforcement of the scheduling order. *See* Appellant's Supplemental Brief at 3 (describing the scheduling order as the "fruit of the poisonous tree" because Judge Anders issued it). However, Pedro does not allege *how* Judge Anders's denial of her appeal or motions was "manifestly unreasonable, or the result of partiality, prejudice, bias or ill will." *See Safka*, 141 A.3d 1249. The record is devoid of any indication that the trial court acted in an unreasonable or arbitrary manner.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carmencita Maria Pedro,          :
                                 :
                    Appellant    :
                                 :
          v.                     : No. 530 C.D. 2017
                                 : Submitted:  April 6, 2018
Bureau of Administrative         :
Adjudication

# **O R D E R**

AND NOW, this 29th day of August, 2018, the order of the Court of Common Pleas of Philadelphia County, dated March 22, 2017, is AFFIRMED.


                              _____
                              MICHAEL H. WOJCIK, Judge