# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

D&R Sports, Inc.,            :
         Petitioner      :
                       :
        v.                 :
                       :
Commonwealth of Pennsylvania,     :    No. 25 F.R. 2018
         Respondent    :    Submitted: May 11, 2020

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE J. ANDREW CROMPTON, Judge

OPINION BY
JUDGE COVEY                     FILED: June 5, 2020

      D&R Sports, Inc. (Taxpayer) petitions this Court for review of the Board of Finance and Revenue's (Board) December 7, 2017 order upholding the Pennsylvania Department of Revenue's (Revenue) Board of Appeals' (BOA) dismissal of Taxpayer's Petitions for Reassessment (Reassessment Petitions) as untimely. The sole issue before this Court is whether the Board properly dismissed Taxpayer's appeals as untimely. After review, we affirm.

## Facts[1]

      On December 2, 2016, Revenue mailed 16 sales tax assessments to Taxpayer (collectively, Assessments). The Assessments correspond to the 12

---

[1] Pennsylvania Rule of Appellate Procedure (Rule) 1571(f) mandates the parties to "prepare and file a stipulation of such facts as may be agreed to[.]" Pa.R.A.P. 1571(f). "The facts stipulated by the parties are binding and conclusive and should be regarded as this Court's findings of fact." *Quest Diagnostics Venture, LLC v. Commonwealth*, 119 A.3d 406, 410 n.4 (Pa. Cmwlth. 2015), *aff'd*, 148 A.3d 448 (Pa. 2016). Pursuant to Rule 1571(f), Taxpayer and the Commonwealth of Pennsylvania submitted a joint Stipulation of Facts (Stipulation). The parties declared in the Stipulation: "[N]o evidence of [] facts other than [in] this Stipulation need be adduced in this matter." Stip. at 1. The facts set forth herein are as stipulated.

monthly sales tax periods in 2013 and the 4 quarterly sales tax periods in 2014. The Assessments each stated: "To appeal the assessment amount(s) above, file a petition for reassessment with the Board of Appeals [(BOA)] on or before 03/02/2017."[2] Stipulation of Facts (Stipulation) ¶ 5. On June 7, 2017, Taxpayer filed 16 Reassessment Petitions with the BOA, 1 petition for each Assessment. On June 9, 2017, the BOA issued a Decision and Order for each Reassessment Petition, dismissing them because they were not filed within 90 days after the mailing date of the respective Assessments.

The BOA dismissed the Reassessment Petitions as untimely pursuant to Section 2702(a) of the Tax Reform Code of 1971 (Code),[3] which, at the time Taxpayer was assessed, stated: "A taxpayer may file a petition for reassessment with [Revenue] within 90 days after the mailing date of the notice of assessment." 72 P.S. § 9702(a). Taxpayer stipulated that Revenue notified Taxpayer of the opportunity to file the Reassessment Petitions on or before March 2, 2017, and that Taxpayer did not file them with the BOA until June 7, 2017. Accordingly, the BOA dismissed the Reassessment Petitions as late-filed.

On September 1, 2017, Taxpayer appealed from each BOA decision to the Board, which consolidated them for review. By December 7, 2017 order (mailed December 12, 2017), the Board upheld the BOA's determinations, ruling that the

---

[2] The subject Assessments were not included with this record. However, in the past, assessments contained the following clear language: "ON OR BEFORE [DATE] A PETITION FOR REASSESSMENT MUST BE FILED . . . ." *Kerr v. Commonwealth*, 186 A.3d 520, 522 (Pa. Cmwlth.), *aff'd*, 196 A.3d 1059 (Pa. 2018).

[3] Act of March 14, 1971, P.L. 6, *as amended*, added by Section 28 of the Act of October 18, 2006, P.L. 1149, 72 P.S. § 9702(a). By Section 44 of the Act of October 30, 2017, P.L. 672, the General Assembly has since amended the appeal period from 90 days to 60 days.

Taxpayer implies in its Reply Brief to this Court that by referring to Section 2702 of the Code, rather than Section 9702 of the Code, the Commonwealth intended to create confusion or ambiguity. *See* Taxpayer Reply Br. at 5-6. However, because that provision of the Pennsylvania statutes is not consolidated, its proper legal reference is Section 2702(a) of the Code, 72 P.S. § 9702(a).

BOA properly dismissed Taxpayer's Reassessment Petitions as untimely because they were not filed within 90 days of the mailing dates of the Assessments. The Board added:

> This Board requested that [Taxpayer] provide an explanation as to the late filing. In [Taxpayer's] response to that request, [Taxpayer's owner and president, Lecia Komoroski] claimed several personal and business[-]related issues caused [Taxpayer] to be unable to file the appeal[s] on time[,] including the fact that [Taxpayer] was subject to a [f]ederal search warrant in May 2016. The reasons given for the delayed filing[s] are all attributed to dates prior to the [A]ssessment[s] being issued. [Taxpayer] has not provided any reasons for the late filing that correspond to the appeal period.

Board Order at 1. On January 10, 2018, Taxpayer appealed to this Court.[4]

Taxpayer argues that the Board erred by affirming the BOA's decisions because the General Assembly's use of the term *may* in Section 2702(a) of the Code was not mandatory and, thus, its failure to file the Reassessment Petitions by March 2, 2017 "was not fatal." Taxpayer Br. at 7. Taxpayer claims that Section 2702(a) of the Code contains "a contextual and specific ambiguity" that should be construed in its favor. Taxpayer Br. at 9.

Preliminarily, "[a]ppeals from the Board are governed by Pennsylvania Rules of Appellate Procedure [(Rules)] 1571 and 1551." *S. Pines Trucking v.*

---

[4] A review of determinations of the Board is governed by [Rule] 1571. Although this Court hears such cases in its appellate jurisdiction, it functions essentially as a trial court. Therefore, this Court must consider a record made by the parties specifically for the Court rather than one certified to the Court from the proceedings below.

*Armco, Inc. v. Commonwealth*, 654 A.2d 1191, 1192 (Pa. Cmwlth. 1993) (citation omitted). Moreover, despite that the stipulated facts are to be this Court's findings of fact, "'this Court may draw its own legal conclusions.'" *Am. Elec. Power Serv. Corp. v. Commonwealth*, 184 A.3d 1031, 1034 n.7 (Pa. Cmwlth.), *aff'd*, 199 A.3d 880 (Pa. 2018) (quoting *Kelleher v. Commonwealth*, 704 A.2d 729, 731 (Pa. Cmwlth. 1997)).

*Commonwealth*, 42 A.3d 1222, 1227 (Pa. Cmwlth. 2012), *aff'd*, 69 A.3d 235 (Pa. 2013). Rule 1551(a) specifies: "No question shall be heard or considered by the court which was not raised before the government unit[.]" Pa.R.A.P. 1551(a). Rule 1571(h)(1) states: "[Rule] 1551(a) . . . shall be applicable to review of a determination of the [Board] . . . [.] A question will be heard and considered by the court if it was raised at any stage of the proceedings below and thereafter preserved." Pa.R.A.P. 1571(h)(1); *see also S. Pines Trucking*; *House of Lloyd v. Commonwealth*, 684 A.2d 213, 216 (Pa. Cmwlth. 1996), *aff'd on exceptions*, 694 A.2d 375 (Pa. Cmwlth. 1997).

Here, Taxpayer did not raise the issue of Section 2702(a) of the Code's purported ambiguity to the Board on appeal from the BOA's determinations. Nor did Taxpayer argue in its petition for review filed in this Court that it did not have to comply with Section 2702(a) of the Code. Rather, Taxpayer asserted:

> When it is manifestly proved [Taxpayer] owes absolutely no tax, and collected and paid all sales tax due to the [Commonwealth], may the Commonwealth, through the [Board], gain a judgement against [Taxpayer] for taxes which are manifestly not due, and which have been paid, simply because [Taxpayer], who was mentally incompetent, was unable [to] file a timely appeal of the erroneous decision of the [Board]?

Petition for Review at 1. Because Taxpayer did not challenge the specificity of Section 2702(a) of the Code before the Board or in its petition for review, but raised it for the first time in its brief to this Court, that issue is waived.[5]

---

[5] Although the Commonwealth did not raise the waiver issue, this Court has held that an "appellate court may sua sponte refuse to address an issue raised on appeal that was not raised and preserved below[.]" *Siegfried v. Borough of Wilson*, 695 A.2d 892, 894 (Pa. Cmwlth. 1997). This Court acknowledges that *Siegfried* was decided pursuant to Rule 302(a) rather than Rule 1551(a). However, because Rule 302(a) similarly states that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[,]" Pa.R.A.P. 302(a), the *Siegfried* Court's ruling is nevertheless applicable here.

4

Notwithstanding waiver, Taxpayer cannot prevail.

> [T]he law is well-settled that the Code's time limitations are to be strictly enforced. *Quest Diagnostics Venture, LLC v. Commonwealth*, 119 A.3d 406 (Pa. Cmwlth. 2015), *aff'd*, . . . 148 A.3d 448 ([Pa.] 2016). 'It is also well established that neither the Board nor this Court has power to alter the explicit time limitation set forth in the [Code] based on equitable principles.' *Phila. Gas Works v. Commonwealth*, 741 A.2d 841, 846-47 (Pa. Cmwlth. 1999), *aff'd*, . . . 757 A.2d 360 ([Pa.] 2000).

*Kerr v. Commonwealth*, 186 A.3d 520, 525 (Pa. Cmwlth.), *aff'd*, 196 A.3d 1059 (Pa. 2018). "The time limitation in a tax statute must 'be strictly enforced to prevent any uncertainty in the budgetary planning and fiscal affairs of the Commonwealth.' *Phila. Gas Works*, 741 A.2d at 846." *Quest Diagnostics Venture, LLC*, 119 A.3d at 410.

Moreover, the *Kerr* Court specifically ruled that the language in Section 2702(a) of the Code at issue in this case, i.e., "[a] taxpayer may file a petition for reassessment . . . within 90 days after the mailing date of the notice of assessment[,]" 72 P.S. § 9702(a), meant that "[the taxpayer] was required either to pay the assessed taxes or file [a p]etition within 90 days of the [a]ssessment [n]otice's date[.]" *Kerr*, 186 A.3d at 524 (emphasis omitted); *see also Scholastic Servs. Org., Inc. v. Commonwealth*, 721 A.2d 74, 76 (Pa. Cmwlth. 1998) (Where former Section 234 of the Code[6] stated that petitions for review *may* be filed with the Board within 60 days, this Court ruled that the Board erred by deciding an appeal filed on the 61st day

---

[6]  [Former] Section 234 of the Tax Reform Code, 72 P.S. § 7234, [deleted by Section 1 of the Act of October 18, 2006, P.L. 1149,] provide[d]: 'Within sixty days after the date of mailing of notice by [Revenue] of the decision on any petition for reassessment filed with it, the person against whom such assessment was made may, by petition, request the [Board] to review such decision.'

*Schmidt v. Commonwealth*, 433 A.2d 456, 457 (Pa. 1981).

"because it lacked jurisdiction to do so."). Accordingly, this Court holds that Section 2702(a) of the Code required that if Taxpayer desired to appeal from the assessments, it had to do so by March 2, 2017, otherwise, its failure to do so was fatal.

Based on the foregoing, the Board's December 7, 2017 Order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

D&R Sports, Inc.,       :
      Petitioner    :
          :
    v.        :
          :
Commonwealth of Pennsylvania,   :   No. 25 F.R. 2018
      Respondent   :

## O R D E R

AND NOW, this 5th day of June, 2020, the Board of Finance and Revenue's December 7, 2017 Order is affirmed.

Unless exceptions are filed within 30 days pursuant to Pennsylvania Rule of Appellate Procedure 1571(i), this Court's order shall become final.

_____
ANNE E. COVEY, Judge